UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-51190
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL DOMINGUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(SA-99-CR-371-ALL)

July 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Convicted on two counts of bank robbery and one count of being a felon in possession of a firearm, Daniel Dominguez maintains first that the evidence was insufficient to convict him of the latter offense because the Government failed to prove that he possessed, or constructively possessed, the firearm found in his girlfriend's closet.

Dominguez moved for a judgment of acquittal at the close of the Government's case, and he renewed his motion at the close of the evidence. Accordingly, his sufficiency-challenge is reviewed *de novo*, applying the same standards as the district court. *See*

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. De Leon*, 170 F.3d 494, 496 (5th Cir.), *cert. denied*, 528 U.S. 863 (1999).

A reasonable jury could have found Dominguez had constructive possession of the firearm. His possession of a key to the house and the presence of other items belonging to Dominguez in the house and closet indicate that Dominguez had dominion over the premises where the firearm was found. Additionally, the jury could reasonably have inferred that Dominguez was responsible for the firearm because his hair was found on clothing inside the bag in which the firearm was found, and Dominguez admitted ownership of the firearm to an inmate who testified at trial. Moreover, even accepting Dominguez's assertion that the evidence established that he was *not* the only person with access to the house, the jury need *not* have excluded every reasonable hypothesis of innocence in order to find Dominguez guilty. *See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir.), *cert. denied*, 121 S. Ct. 258 (2000).

Dominguez's second, and final, contention is that his right to due process was denied in connection with the photographic array presented to the witnesses. He maintains: the district court abused its discretion by failing both to make any factual findings in rejecting his challenge to the array and to hold an evidentiary hearing on the issue; and that the array was impermissibly suggestive.

Dominguez's assertion that he was denied an opportunity to present facts in support of his challenge to the array is without merit. The facts surrounding the suggestiveness *vel non* of the photographic array were brought forth during the suppression

hearing held by the district court.  Moreover, Dominguez does *not* allege any additional facts which, if proven, would justify relief. *Cf.* ***United States v. Mergist***, 738 F.2d 645, 648 (5th Cir. 1984) ("an evidentiary hearing [regarding voluntariness of testimony] is required when the defendant alleges sufficient facts which, if proven, would justify relief" (internal quotation marks omitted)).

With regard to the suggestiveness of the array, "[a] conviction based upon an eyewitness identification at trial following a pretrial photographic identification must be set aside only if the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification".  ***United States v. Fletcher***, 121 F.3d 187, 194 (5th Cir. 1997) (internal quotation marks omitted), *cert. denied*, 522 U.S. 1063 (1998).

The photographic array was *not* impermissibly suggestive.  All of the subjects were roughly the same age and appeared to be Hispanic.  Contrary to Dominguez's assertion, their complexions are *not* greatly varied.  All the subjects are wearing similar disguises (fake goatee and mustache and dark glasses), and several of the subjects are about the same size and height as Dominguez.  Dominguez's jacket is only slightly lighter color than the others.  In addition, one of the other subjects also has a large nose, as does Dominguez.  *See* ***United States v. Credit***, 95 F.3d 362, 364 (5th Cir. 1996) (despite defendant's challenge to photo array on grounds he was only heavyset subject with rounded face, concluding spread was *not* impermissibly suggestive because all men were about same age and skin tone), *cert. denied*, 519 U.S. 1138 (1997).  Because

the array was *not* impermissibly suggestive, we need *not* proceed further to consider the likelihood of misidentification.

**AFFIRMED**