**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 92-5104
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MARK ANTHONY JONES,

Defendant-Appellant.


_____

No. 92-5117
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

IRA DWAYNE DRAYTON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Texas
_____

May 28, 1993

Before WISDOM, DAVIS, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Defendants Mark Jones and Ira Drayton and a third person drove to a bank and attempted to force open its locked doors. Drayton carried a gun at the time. Shortly thereafter, the three

were arrested. Drayton pleaded guilty to violating 18 U.S.C. § 2113(a). Jones elected to stand trial and was convicted of one count of violating section 2113(a) and one count of violating 18 U.S.C. § 924(c)(1). Jones contends that his indictment did not charge him with a crime under section 2113(a) and that the jury instructions impermissibly allowed the jury to convict him of the second count. We affirm both Jones's and Drayton's convictions under section 2113(a) but reverse Jones's conviction under section 924(c)(1).

## I.

On January 28, 1992, Jones, Drayton, and Derek Hulett drove to the Bank of East Texas in Chester, Texas. Drayton testified that while driving to Chester, the three stopped at a store in Livingston, Texas, where Drayton purchased ammunition for a gun he was carrying. They drove the car into the bank's parking lot, where Drayton and Jones proceeded to don ski masks.

A bank employee happened to see the car pull into the lot containing two men wearing ski masks. When she told her supervisor that the bank was about to be robbed, the supervisor locked the bank's doors. At that point, the car drove away without incident. The employee memorized the car's license plate number and called the Tyler County Sheriff's Department.

A few minutes later, the car returned. Jones and Drayton, both wearing ski masks on top of their heads, got out of the car and walked toward the employee entrance of the bank. Drayton

2

carried a loaded .38 caliber revolver in his waistband. They moved to the front entrance and began to shake the locked front doors of the bank. After failing to force open the locked doors, they ran back to the car. When the police stopped the three a few minutes later, they discovered in the car a box of ammunition, two ski masks, and a loaded .38 caliber revolver.

Drayton agreed to cooperate with the government and pleaded guilty to attempted bank robbery in violation of section 2113(a). In return, the government dropped the weapons charge under section 924(c)(1).

Count one of Jones's indictment stated,

> On or about the 28th day of January, 1992, in the Eastern District of Texas, the defendant, Mark Anthony Jones, did attempt to enter the Bank of East Texas lo-cated in Chester, Texas, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation with intent to commit in such bank larceny, and a felony affecting such bank, that is, the taking and carrying away, with intent to steal and purloin, property and money and other thing of value exceeding $100.00 belong-ing to and in the care, custody, control, management, and possession of such bank, in violation of Title 18, United States Code, Section 2113(a).

Count two of the indictment read,

> On or about the 28th day of January, 1992, in the Eastern District of Texas, Mark Anthony Jones, Defendant herein, knowingly used and carried a firearm, namely, a .38 caliber Colt Detective Special, serial number 954584 during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely attempted bank robbery, in violation of Title 18, United States Code, Section 924(c)(1).

While conducting voir dire, the prosecution questioned the jury on attempted bank robbery. Jones objected on the ground that he was indicted for attempted bank larceny, not robbery. At the

3

start of trial, the court instructed the jury that the defendant was on trial for attempted bank robbery under count one. After Jones objected again, the court clarified its statement, telling the jury that Jones was on trial for attempted bank larceny. At this point, the prosecutor argued that count one encompassed bank larceny and "a felony," the felony of bank robbery. The defense objected, and the court overruled its objection.

Both Drayton and Hulett testified against Jones at trial. They testified that Jones knowingly had agreed to, and participated in, an attempt to rob the bank. Drayton also asserted that since Jones watched him load the gun in the car, Jones was aware that Drayton was carrying a loaded gun.

At the close of trial, the court instructed the jury that for it to find Jones guilty on count one, it must find three things: (1) that the defendant knowingly attempted to enter the bank (2) with the intent to commit larceny or a felony and (3) that the bank's deposits were insured by the Federal Deposit Insurance Corporation. Next the court instructed the jury that it could find Jones guilty under count two if it found that (1) the defendant committed the crime alleged in count one and (2) the defendant or one of his accomplices knowingly used or carried a firearm during the commission of the crime alleged in count one. The court then advised the jury that "attempted bank robbery is a crime of violence."

Jones objected to the court's instructions but was overruled. The jury found him guilty on both counts. At the sentencing hear-

4

ing Jones objected again.  The court sentenced him for bank rob-
bery and for carrying a firearm during the commission of a crime
of violence.

## II.

Jones now appeals on the ground that the indictment did not
encompass bank robbery because it failed to include the essential
element of the use of force or intimidation; Drayton makes a simi-
lar argument.  Jones also contends that his conviction under count
two should be reversed because the judge improperly instructed the
jury on the required elements of that charge.  He maintains that
because bank larceny is not a crime of violence, a finding by the
jury of guilt under count one does not meet the requirement that a
crime of violence was committed as the trial court advised.

## A.

Jones maintains that while count one charged him only with
bank larceny, he was convicted of bank robbery.  To resolve this
issue, we must compare the language of the indictment with the
text of section 2113(a), which reads,

> Whoever, by force and violence, or by intimidation,
> takes, or attempts to take, from the person or presence
> of another, or obtains or attempts to obtain by extor-
> tion any property or money or any other thing of value
> belonging to, or in the care, custody, control, manage-
> ment, or possession of, any bank, credit union, or any
> savings and loan association; or

> Whoever enters or attempts to enter any bank,
> credit union, or any savings and loan association, or
> any building used in whole or in part as a bank, credit
> union, or as a savings and loan association, with intent

5

> to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny ))
>
> Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

The second paragraph allows a person to be convicted of a crime under section 2113(a) if at the time that person attempts to enter a bank he intends to commit any felony affecting the bank. Bank larceny, punishable by up to ten years in prison, is a felony affecting a bank. See Counts v. United States, 263 F.2d 603, 604 (5th Cir.) cert. denied, 360 U.S. 920 (1959) (bank larceny is a felony under 18 U.S.C. § 2113(b)).

Jones's protestations to the contrary notwithstanding, count one of the indictment charges him with a crime under section 2113(a). The operative language of count one alleges that Jones "did attempt to enter [a bank] . . . with intent to commit in such bank larceny, and a felony affecting such bank, that is, the taking and carrying away, with intent to steal and purloin, property and money . . . ." In other words, the indictment asserts that at the time Jones attempted to enter the bank, he intended to commit the felony of larceny in the bank. The indictment therefore properly charges a crime under the second paragraph of section 2113(a). An indictment is sufficient unless "`so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted.'" United States v. Wilson, 884 F.2d 174, 179 (5th Cir. 1989) (quoting United States v. Trollinger, 415 F.2d 527, 528 (5th Cir. 1969)).

6

Jones's indictment certainly meets this standard, as it explicitly charges him with a crime under the second paragraph of section 2113(a).

Jones contends that because language in the indictment tracks language in section 2113(b), he was charged only with the crime of bank larceny under section 2113(b).[1] We reject this argument.

One of the crucial distinctions between crimes charged under subsection (a) and those under subsection (b) is the time when a defendant's intent must arise. To be convicted under subsection (a), a defendant must intend to commit a felony when he enters a bank. To be convicted under subsection (b), he may enter a bank with no intent to commit a crime but develop an intent to steal property only after he enters.[2]

Jones's indictment plainly alleges that he entered the bank with the intent to commit a felony affecting the bank. He thus was properly charged with a crime under section 2113(a), not section 2113(b).

---

[1] Section 2113(b) reads,

> Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

> Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

[2] An example of a crime under § 2113(b) would be a person who enters a bank intending only to cash a check for $1,000. If a teller mistakenly hands him $2,000, and, realizing the mistake, he then takes the extra $1,000 with the newly developed intent to steal it, he may be prosecuted under § 2113(b), not § 2113(a).

B.

Drayton's indictment under section 2113(a) uses the same language as Jones's. Drayton, unlike Jones, pleaded guilty to this count. He now seeks to withdraw his guilty plea. We refuse his request for two reasons. First, Drayton pleaded guilty in court to "attempted bank robbery," a crime under section 2113(a). Second, for the same reasons we discuss above, we find that his indictment charged him with a crime under the second paragraph of section 2113(a), not under section 2113(b).

C.

Jones next urges us to reverse his conviction under count two. He argues that the district court improperly instructed the jury that it could convict Jones of violating section 924(c)(1) if it found him guilty in count one because that count alleged a crime of violence.

Section 924(c)(1) requires the commission of a crime of violence in addition to the use of a firearm during the commission of that crime.[3] Count two alleges that Jones used a firearm in

---

[3] Section 924(c)(1) reads,

> Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for the enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, short-barreled shotgun to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years. In the case of his second or subsequent conviction under this subsection, such person shall be

(continued...)

8

relation to a crime of violence, namely attempted bank robbery. While the wording of count two is adequate, Jones asserts that the district court's instructions to the jury on this count constitute reversible error. We agree.

The court first informed the jury that it could convict Jones of count two if it found that he had committed the offense of bank robbery alleged in count one and knew that Drayton was carrying a gun. The court then instructed that attempted bank robbery was a crime of violence. In other words, the jury could convict Jones of count two only if it found he committed a crime of violence, but count one never included the essential element of violence in its description of the crime Jones committed.

Although the jury properly convicted Jones of a crime in count one under section 2113(a), it did not convict him of a crime of violence. Because the court's instruction on count two improperly allowed the jury to convict Jones without finding that he committed a crime of violence, we reverse his conviction under count two.

In conclusion, we AFFIRM the convictions of Drayton and Jones under section 2113(a) and REVERSE the conviction of Jones under

---

[3](...continued)
sentenced to imprisonment for twenty years, and if the firearm is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, to life imprisonment without release. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including the imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.

section 924(c)(1).