**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-20703
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES EDWARD CREDIT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Texas

_____

September 4, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


James Credit appeals his conviction of, and sentence for, aggravated bank robbery (specifically, federally insured credit unions) (in violation of 18 U.S.C. § 2113), robbery of a post office (in violation of 18 U.S.C. § 2114), and use of a firearm during a violent crime (in violation of 18 U.S.C. § 924(c)). Finding no error, we affirm.


I.

Most of the issues that Credit raises on appeal are of little or no merit, and we can dispose of them with limited discussion.

The evidence is easily sufficient, as there were eyewitnesses to the robbery, and their credibility is left to the jury. There is no problem with the district court's refusal to sever the counts in order to try separately each of the five robberies for which Credit was charged. The robberies were of a similar character and thus satisfy the standard of FED. R. CRIM. P. 8(a).

The district court's refusal to admit the pen packets of four other men was not error. Credit has not alleged any personal connection to the men. He avers only that they have criminal records for theft, auto theft, and burglary, offenses that have no bearing on the *modus operandi* of the robberies at issue here.

Credit challenges the photo identification procedure used to identify him, asserting that the spread was impermissibly suggestive in that he was the only heavyset subject with a rounded face in a set of six photographs. The photos were of six men of about the same age and skin tone. There is no allegation of improperly suggestive statements made to the witnesses. The procedures employed for identification were correct.

Credit avers that the district court admitted, without proper foundation, documents used to establish an essential elementSSnamely, that the institutions were federally insured. As Credit failed to object to this evidence at trial, we review for plain error. There is no showing that Credit's substantial rights are affected, as he makes no showing that any of the institutions is not federally insured.

Credit attacks the $15,000 fine, contending that there is no

2

indication that he will ever be able to pay it. The district court found that he would be able to work and pay the fine, and Credit did not shoulder his burden of showing otherwise. *See United States v. Altamirano*, 11 F.3d 52, 54 (5th Cir. 1993).

## II.

Credit contends that the district court erred by refusing to instruct the jury on the definition of "crime of violence" as that term is used in 18 U.S.C. § 924(c)(1). He argues that this deprived him of his right to have the jury determine that he was guilty of every element of the firearms counts. *See United States v. Gaudin*, 115 S. Ct. 2310, 2320 (1995).

In *United States v. Jones*, 993 F.2d 58, 61 (5th Cir. 1993), a defendant argued that the court improperly instructed the jury by charging that it could convict him of a § 924(c)(1) offense if it found him guilty of an *attempted* bank robbery count, because that count charged a "crime of violence." We reversed, holding that the charge was erroneous, because the attempted robbery count "never included the essential element of violence in its description of the crime . . . ." *Id.* at 62.

Here, by contrast, the court instructed the jury that it must find that Credit committed robbery "by means of force or violence or intimidation" and that he "put in jeopardy the life of some person by the use of dangerous weapon or device." It then told the jury that, to find Credit guilty of the § 924(c)(1) charge, the government was required to show that he committed the robberies

3

alleged in the previous counts, and that "robbery of a credit union or post office is a crime of violence." These instructions were sufficient, as the previous instructions regarding bank robbery "included the essential element of violence." *See Jones*, 993 F.2d at 62.

Our sister circuits have held that, in the context of jury charges, the definition of "crime of violence" is a matter of statutory interpretation that is a "purely legal judgment" for the court. *See United States v. Weston*, 960 F.2d 212, 217 (1st Cir. 1992); *see also United States v. Moore*, 38 F.3d 977, 979 (8th Cir. 1994); *United States v. Amparo*, 68 F.3d 1222, 1225-26 (9th Cir. 1995), *cert. denied*, 116 S. Ct. 1055 (1996). We join these circuits, which have reasoned soundly that this is, indeed, a question of law that should not be submitted to the jury.

The judgments of conviction and sentence are AFFIRMED.