IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-60075

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WILLIAM FREDRICK MOHR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before GARWOOD, GARZA, and OWEN, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendant-appellant William Fredrick Mohr ("Mohr") appeals the sentence imposed after he pleaded guilty to being a felon in possession of a firearm. Mohr argues that the district court erred in finding that a prior South Carolina conviction for stalking was a "crime of violence" for the purposes of sentence enhancement under § 2K2.1(a)(4)(A) of the federal Sentencing Guidelines. For the following reasons, we AFFIRM the judgment of the district court.

I

Mohr was convicted on a guilty plea of knowingly possessing ammunition in and affecting commerce, having previously been convicted of a felony. At his sentencing hearing, Mohr objected to the pre-sentence report (PSR), which

recommended increasing the base offense level under USSG § 2K2.1(a)(4)(A) because Mohr had sustained previous felony convictions for crimes of violence. Mohr argued that his convictions for stalking under South Carolina law were not crimes of violence as defined in USSG § 4B1.2. The district judge adopted the PSR's recommendation and sentenced Mohr to forty-five months imprisonment and a three-year period of supervised release. Mohr timely appeals.

II

We review the district court's application of the Sentencing Guidelines de novo. United States v. Sanchez-Ramirez, 497 F.3d 531, 534 (5th Cir. 2007).

USSG § 2K2.1(a)(4)(A) sets the base offense level at 20 for defendants who have committed the instant offense subsequent to a felony conviction for a crime of violence. The Guideline adopts the definition of "crime of violence" set out in USSG § 4B1.2:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The Commentary to § 4B1.2 provides:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature,

presented a serious potential risk of physical injury to another. [Emphasis added].[1]

Thus, in order to be found a crime of violence under § 4B1.2, an offense must do one of the following: (1) contain as a statutory element the "use, attempted use, or threatened use of physical force against the person of another"; (2) belong to the list of enumerated offenses; (3) or fall under the "residual clause" of § 4B1.2(a)(2) by presenting a "serious risk of physical injury to another." It is the residual clause that is at issue here; the parties dispute whether Mohr's convictions for stalking qualify as crimes of violence because they posed a serious risk of physical injury to another.[2]

In determining whether an offense qualifies as a crime of violence under the residual clause, this Court applies the categorical approach set out in Taylor v. United States, 495 U.S. 575 (1990) and Shepard v. United States, 544 U.S. 13 (2005). We look to the statutory elements, charging documents, and jury instructions in cases tried to a jury, and in cases tried without a jury, we may consider the judge's formal rulings of law and findings of fact. Id. at 20. In cases in which there was a plea, we may consider the statement of factual basis for the charge, a transcript of the plea colloquy or written plea agreement, or a record of comparable findings of fact adopted by the defendant upon entering the plea regarding the prior offenses. Id. When a defendant is convicted under a statute that contains disjunctive subsections, the court may look to the charging

---

[1] We regard Guidelines commentary that interprets or explains a guideline as authoritative unless it violates the Constitution or a statute or is inconsistent with, or a plainly erroneous reading of, that guideline. United States v. Gonzalez-Ramirez, 477 F.3d 310, 312 n.10 (5th Cir. 2007)(quoting Stinson v. United States, 508 U.S. 36, 38 (1993)).

[2] The South Carolina stalking statute does not contain as an element the use, attempted use, or threatened use of force; while this element is clearly implicit in some forms of stalking, the use, attempted use or threatened use of force are not required in order to violate the law. In any case, the parties do not argue this point.

documents "to determine by which method the crime was committed in a particular case," United States v. Riva, 440 U.S. 722, 723 (5th Cir. 2006), or to documents that "have sufficient indicia of reliability to support their probable accuracy such that the documents can be used as evidence of [a] prior conviction under the subsection of a statute that qualifies as a crime of violence." United States v. Neri-Hernandes, 504 F.3d 587, 591-92 (5th Cir. 2007). Thus, the court may use the indictment and records regarding the conviction to "pare down" the statute to the disjunctive alternative under which the conviction falls. Montgomery, 402 F.3d at 486. Where the indictment is silent or may be read to cover both violent and non-violent conduct, the court should proceed with the assumption that the conduct constituted the "least culpable act" satisfying the count of conviction, United States v. Houston, 364 F.3d 243, 246 (5th Cir. 2007), unless reliable records establish that the prior conviction was under one of the violent prongs of the statute. Neri-Hernandes, 504 F.3d at 589.

With these legal principles in mind, we turn now to Mohr's arguments that his previous convictions for stalking were not crimes of violence under § 4B1.2.

## A

Mohr was previously charged and pleaded guilty to three counts of stalking in Sumter County, South Carolina. The applicable South Carolina statute defines stalking as:

> [A] a pattern of words, whether verbal, written, or electronic, or a pattern of conduct that serves no legitimate purpose and is intended to cause and does cause a targeted person and would cause a reasonable person in the targeted person's position to fear:
>
> (1) death of the person or a member of his family;
> (2) assault upon the person or a member of his family;
> (3) bodily injury to the person or a member of his family;
> (4) criminal sexual contact on the person or a member of his family;
> (5) kidnapping of the person or a member of his family; or
> (6) damage to the property of the person or a member of his family.

S.C. CODE ANN. § 16-3-1700(B)(2002).

At his sentencing hearing for the instant offense, Mohr pointed to § 16-3-1700(B)(6), relating to property damage, as a disjunctive element to the statute that renders it ambiguous whether his charged conduct was a crime of violence. Mohr argued that because property damage does not create a risk of physical injury, his conviction under the statute could not be used as a crime of violence enhancement. The district judge looked to Mohr's indictment for stalking to determine whether the crime charged met the crime of violence definition. The indictment shows that Mohr was charged with three counts of "willfully, maliciously and repeatedly follow[ing] or harass[ing] [victim], and ma[king] a credible threat with the intent to place [victim] in reasonable fear of great bodily injury."[3] The district judge relied upon our precedent in United States v. Insaulgarat, 378 F.3d 456 (5th Cir. 2004) to determine that the indictment charged Mohr with stalking for creating a reasonable fear of great bodily injury to three different victims. Reading the indictment in conjunction with the statute, the district judge found that the charged conduct met the definition of crime of violence, as it presented a serious potential risk of physical injury to another. The district court also observed that the judgment reflected that the conviction was "as indicted."

Mohr makes two arguments in support of his contention that his stalking convictions do not meet the definition of crime of violence under § 4B1.2. First, he argues that application of the recently-decided Supreme Court case of Begay v. United States precludes finding that stalking under the South Carolina statute is a crime of violence. Second, Mohr argues that the state court judgments reflect that the crime of which he was convicted was "non-violent." We address each of these arguments in turn.

---

[3] ROA 46.

B

Begay v. United States, 128 S.Ct. 1581 (2008), decided after Mohr's sentencing, dealt with the interpretation of a provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). The ACCA increases the mandatory minimum sentence for an offender who has prior convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). The definition of "violent felony" is identical to that of "crime of violence" in the Guidelines context. Thus, the Supreme Court's interpretation of § 924(e)(2)(B) guides us in applying the categorical approach to the residual clause of § 4B1.2.[4]

In Begay, the Supreme Court held that driving under the influence of alcohol (DUI) was not a violent felony under the ACCA because it did not fall into the scope of the residual clause. Begay limits violent felonies to those crimes which are similar to the enumerated offenses in § 924(e)(2)(B); namely, burglary, arson, extortion, or the use of explosives. Begay, 128 S.Ct. at 1585. The Begay court thus interpreted the residual clause of § 924(e)(2)(B) as covering only those crimes that are "roughly similar, in kind as well as in degree of risk posed, to the examples themselves." Id.

Mohr urges that under a similar interpretive approach, we cannot find stalking to be a crime of violence. The enumerated offenses under § 4B1.2(a) are murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Because "stalking" is not "similar" to any of these crimes, Mohr argues, it cannot be considered a crime of violence under the Guidelines.

---

[4] We have previously applied our holdings under the residual clause of the ACCA to analyze the definition of crimes of violence under § 4B1.2, and vice versa. See, e.g., U.S. v. Hawley, 516 F.3d 264, 271-72 (5th Cir. 2008); United States v. Velasco, 465 F.3d 633, 641 n.9 (5th Cir. 2006); Montgomery, 402 F.3d at 488 n.28 (5th Cir. 2005). Additionally, other Circuit courts have used Begay in defining crimes of violence under the Guidelines. See, e.g. United States v. Bartee, 529 F.3d 357 (6th Cir. 2008); United States v. Williams, 537 F.3d 969 (8th Cir. 2008); United States v. Gray, 535 F.3d 128 (2nd Cir. 2008).

We disagree. Mohr ignores later language in Begay that clarifies the inquiry into the "similarity" of the crimes. The Begay court contrasted DUI crimes from the enumerated offenses by noting that the example crimes all "typically involve purposeful, violent, and aggressive conduct." Id. at 1586. Unlike statutes prohibiting drunk driving, which are analogous to those imposing strict liability, the crimes listed in § 924(e)(2)(B) all require some form of criminal intent. Id. at 1586-87.

We apply the same analysis to find that stalking as defined by South Carolina is a crime of violence. Criminal intent is clearly required by the statute, which is targeted towards words or conduct that are "intended to cause and does cause a targeted person" to reasonably fear death, assault, bodily injury, criminal sexual contact, kidnaping or property damage to him or his family. S.C. CODE § 16-3-1700(B)(2005).[5] These outcomes are roughly analogous to the enumerated offenses set out in § 4B1.2. Additionally, words or conduct that are intended to cause and do cause reasonable fear of death, assault, injury etc., pose at least as much risk of physical injury as the "threatened use of force";

---

[5] The treatment of stalking under the categorical approach in other cases is illustrative, though not necessarily persuasive because the state statutes at issue define stalking differently from South Carolina. In United States v. Insaulgarat, 378 F.3d 456 (5th Cir. 2005), this Court held that a conviction under Florida's Aggravated Stalking statute is not a crime of violence. However, the statute in that case could be violated by mere harassing conduct. Id. at 470-71. In an unpublished case, United States v. Espinoza, 67 Fed.Appx. 252 (5th Cir. 2003), this Court also held that a conviction under Colorado's stalking statute was not a crime of violence under USSG § 2L1.2. However, the Colorado statute could similarly be violated by mere harassing conduct, where the conduct creates "serious emotional distress." COLO. REV. STAT. §18-9-111(4)(b). See also United States v. Esquivel-Arellano, 208 Fed.Appx. 758 (11th Cir. 2006)(unpublished)(holding that violation of Georgia's Aggravated Stalking statute is not crime of violence, where statute also incorporates "harassment" and "intimidation"). The South Carolina stalking statute uses language much more akin to the threat of physical harm, and criminalizes harassment separately. S.C. CODE ANN. § 16-3-1700(A)(defining harassment in the first degree). Thus, the statutory elements of stalking in South Carolina may still represent a serious potential risk of physical injury. But see United States v. Jones, 231 F.3d 508 (9th Cir. 2000) (remanding for resentencing where statutory element of "threat of safety" was interpreted as not limited to threats of physical force).

and, as previously discussed, under § 4B1.2 the "threatened use of force" as a statutory element automatically qualifies the offense as a crime of violence. "Physical injury need not result" in order for a crime to be violent, but the crime charged must pose the risk.  United States v. Garcia, 470 F.3d 1143, 1148 (2006).

Our conclusion is reinforced by the language of the indictment, which charged Mohr with willfully, maliciously, and repeatedly following or harassing the victims and making repeated threats to place the victims in reasonable fear of great bodily harm or bodily injury.  This "purposeful, aggressive and violent" conduct creates a serious potential risk of physical injury, and is sufficiently similar to the enumerated crimes, to satisfy the definition of crime of violence in § 4B1.2.

C

Our inquiry does not end with the application of Begay, however.  Because the statute contains a disjunctive element and can be violated by non-violent as well as violent methods,  Mohr argues the statutory presence of the disjunctive element of property damage in § 16-3-1700(B)(6) means that the Court should look not only to the face of the indictment, but to other court documents that indicate that the crime to which he pleaded guilty was not in fact violent.  Specifically, Mohr points to the State Court Judgments in his stalking case, which categorize each of the stalking counts as "Non-Violent" crimes.

As the Commentary to §4B1.2 states, "Other offenses are included as 'crimes of violence' if. . . the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . presented a serious potential risk of physical injury to another." (Emphasis added.)

The district court properly applied §4B1.2.  The language of the indictment makes it clear that Mohr was charged for violating § 16-3-1700(B)(6), and the judgment reflects that the "[t]he charge is . . . 'as indicted.'"  Mohr was charged with and convicted of "willfully, maliciously and repeatedly following or

8

harassing the victims and making repeated threats to place the victims in reasonable fear of great bodily harm or bodily injury." The fact that the judgment also contains a checkmark inside a box next to "NON-VIOLENT" rather that inside a box indicating "VIOLENT" is immaterial. The elements of state offenses determine whether a prior offense was a crime of violence under federal law, not labels under state law. See Taylor v. United States, 495 U.S. 575, 590 (1990). The charging and convicting documents thus dispositively establish that Mohr's behavior did not implicate the non-violent subsection of creating a reasonable fear of property damage, as he argues might be the case based on the statute alone.

The district court was therefore correct in relying on the indictment, the judgment, and the statute in finding stalking under South Carolina law to be a crime of violence under § 2K2.1(a)(4)(A). For the foregoing reasons, we AFFIRM the judgment.