# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-40801
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KELLY ARKADIE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:02-CR-46-2

Before GARWOOD, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Kelly Arkadie appeals from the district court's judgment revoking his supervised release and sentencing him to 24 months of imprisonment. Arkadie contends that his Texas conviction of retaliation was not a conviction of a "crime of violence" and, therefore, did not constitute a Grade A violation for the purpose of determining his advisory guideline sentencing range upon revocation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Arkadie did not raise this issue in the district court, our review is for plain error. *See United States v. Thompson,* 454 F.3d 459, 464 (5th Cir. 2006). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Our precedent and the relevant policy statement indicate that the issue whether a violator has committed a "crime of violence" for purposes of a supervised release revocation is based on the defendant's actual conduct. U.S. SENTENCING GUIDELINES MANUAL § 7B1.1, p.s., comment. (n.1); *United States v. Dominguez*, 479 F.3d 348, 347 (5th Cir. 2007); *United States v. Barber,* No. 92-7737, 1993 WL 241855 (5th Cir. June 24, 1993) (unpublished precedential opinion). The term includes any offense under state or federal law that is punishable by more than a year in prison and (1) has as an element the use, attempted use, or threatened use of physical force against the person of another or (2) is burglary of a dwelling, arson . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a)(1) & (2). The facts underlying Arkadie's retaliation conviction reflect that he threatened to use physical force against another individual and to burn down that individual's place of business. Arkadie's conduct arguably satisfies the criteria to be considered a crime of violence under this court's caselaw addressing what constitutes a crime of violence in an initial sentencing proceeding. *See United States v. Mohr,* 554 F.3d 604, 609–10 (5th Cir. 2009), *petition for cert. filed* (Mar. 31, 2009) (No. 08-9578).

We need not, however, decide whether Arkadie's conduct constituted a crime of violence. To show that an error affected his substantial rights, Arkadie must show "a reasonable probability" that, but for the error, he would have received a different sentence. *United States v. Garza-Lopez*, 410 F.3d 268, 275

(5th Cir. 2005). Arkadie does not argue that he would have received a lesser sentence absent the error. Nor does he point to anything in the record demonstrating that a reasonable probability exists that the district court would have imposed a lower sentence had it determined that the retaliation conviction was a Grade B violation. Rather, it is evident from the record that the court was aware of the statutory maximum imprisonment term of 24 months. Moreover, the district court rejected Arkadie's request to be sentenced to time served, commenting that Arkadie's criminal history included violent offenses and that the revocation proceeding itself arose due to violent conduct. Arkadie has not shown any reasonable probability that the district court would have imposed a lesser sentence even if the applicable policy statement sentencing range recommended a lower sentence, and he thus has failed to show that any error affected his substantial rights. *See id.*

AFFIRMED.