CARL E. STEWART, Circuit Judge,
dissenting:
Eddie Lamont Lipscomb appeals the sentence imposed after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Lipscomb argues that the district court erred by relying on the testimony of a police officer at sentencing to establish that his instant offense was a crime of violence pursuant to United States Sentencing Guideline (U.S.S.G.) § 4B1.1, because consideration of such testimony is precluded by the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The majority opinion rejects Lipscomb’s argument that we must apply the categorical approach, and instead relies on the Sentencing Commission’s commentary to U.S.S.G. § 4B1.2 to affirm the conviction and sentence. For the following reasons, I respectfully dissent.
I. FACTUAL AND PROCEDURAL BACKGROUND
Lipscomb was charged with possession of a firearm by a convicted felon in viola *485 tion of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The indictment specified that the firearm Lipscomb possessed was a sawed-off shotgun with an overall length less than 26 inches and a barrel length less than 18 inches.[1]
At the initial rearraignment proceeding, Lipscomb stated that he was undecided about pleading guilty, and the magistrate judge did not accept his guilty plea. At the second rearraignment proceeding, Lipscomb requested additional time to research a possible defense to the charge, and the district court granted Lipscomb a continuance. At the third rearraignment proceeding, Lipscomb finally pleaded guilty to the indictment without the benefit of a written plea agreement. In the amended factual resume that Lipscomb submitted, he admitted to possessing a shotgun, but did not admit to the length of the shotgun.
The presentence report (PSR) stated that Lipscomb was an armed career criminal pursuant to the Armed Career Criminal Act (ACCA), § 924(e)(1), and was therefore subject to an enhanced statutory sentence range. The PSR further stated that Lipscomb was a career offender under U.S.S.G. § 4B1.1 because, inter alia, Lipscomb’s instant offense was a crime of violence. Pursuant to § 4B1.1, the PSR concluded that Lipscomb’s base offense level was 37, and then applied a two-level reduction for acceptance of responsibility for a total offense level of 35. Based upon the offense level of 35 and criminal history category of VI, Lipscomb’s Guidelines sentence range was 292 to 365 months of imprisonment and three to five years of supervised release.
While Lipscomb did not contest that he met the requirements for ACCA, he objected to his designation as a career offender under § 4B1.1. He asserted that his current offense was not a crime of violence because the determination of whether the offense is a crime of violence under § 4B1.1 must be made according to the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Lipscomb noted that possession of a firearm by a convicted felon is not a crime of violence unless the firearm is the type described in 26 U.S.C. § 5845(a), but acknowledged that a sawed-off shotgun with a barrel less than 18 inches in length is a firearm described in § 5845(a). He argued, however, that while the indictment alleged that he possessed a shotgun with a barrel less than 18 inches in length, the district court could not consider this allegation under the categorical approach because the allegation regarding the barrel length was not necessary to prove the offense under the statute of conviction. In addition to objecting to the PSR, Lipscomb filed a motion for a downward variance from the Guidelines sentence range.
At sentencing, the Government presented testimony from a police officer that the shotgun Lipscomb possessed was less than 26 inches in length and had a barrel less *486 than 18 inches in length. The district court ruled that it could make the factual determination at sentencing that the firearm was the type described in § 5845(a) and apply the career offender enhancement on that basis because the dispute concerned whether the present offense, not a prior offense, was a crime of violence. Accordingly, it overruled Lipscomb’s objections and adopted the Guidelines sentence range calculations set forth in the PSR. The district court granted Lipscomb’s motion for a downward variance,[2] and sentenced Lipscomb to 240 months of imprisonment and five years of supervised release. Lipscomb objected to the sentence and the district court overruled the objection. The Government inquired whether the district court would have imposed the same sentence even if it had granted Lipscomb’s objection to the career offender enhancement, and the district court responded that it would then reconsider the sentence imposed.
Lipscomb appeals his sentence, challenging only the district court’s determination that his instant offense, possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), was a crime of violence.
II. STANDARD OF REVIEW
A district court’s interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir.2008). Other than a defendant’s age at the time of the present offense, “the determinations made in the course of a career offender classification are all questions of law.” United States v. Guevara, 408 F.3d 252, 261 (5th Cir.2005). Thus, “[cjharac-terizing an offense as a crime of violence is a purely legal determination.” Id. at 261 n. 10.
III. DISCUSSION
Under § 4B1.1, a defendant is a career offender if:
(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
U.S.S.G. § 4Bl.l(a). Lipscomb argues that his instant offense of conviction, under 18 U.S.C. § 922(g)(1),[3] did not qualify as a crime of violence as required by *487 § 4B1.1(2).[4]
A “crime of violence” under § 4Bl.l(a) is defined in § 4B1.2(a) as:
any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
U.S.S.G. § 4B1.2(a). Section 4B1.2(a) actually provides three separate definitions of “crime of violence.” United States v. Hughes, 602 F.3d 669, 673 (5th Cir.2010). First, “a crime qualifies if ‘physical force against the person of another’ is an element of the offense.” Id. at 673-74 (citing Johnson v. United States, — U.S.-, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)). “Second, a crime qualifies if it is an enumerated offense: burglary, arson, or extortion.” Id. at 674 (citing Taylor, 495 U.S. 575, 110 S.Ct. 2143 (1990)). “Third, a crime qualifies if it fits the residual clause, which focuses on ‘potential risk of physical injury to another.’ ” Id. (citing Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008)).
The application notes to § 4B1.2 specifically provide that “ ‘[cjrime of violence’ does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a).” § 4B1.2 app. n. 1. A shotgun modified so that it “has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length” is a firearm described in § 5845(a). See 26 U.S.C. § 5845(a).
As Lipscomb’s instant offense of possession of a firearm by a convicted felon does not have the use, attempted use, or threatened use of physical force as an element and is not an enumerated offense, the issue here is whether Lipscomb’s present offense “otherwise involves conduct presenting a serious risk of injury to another” under the residual clause of § 4B1.2(a)(2). See United States v. Serna, 309 F.3d 859, 862 & n. 6 (5th Cir.2002) (holding that the Texas offense of possession of a prohibited weapon could only qualify as a crime of violence under the residual clause of § 4B1.2(a)(2)).

A. Applicability of the Categorical Approach to the Instant Offense

In making a determination that a prior offense is a crime of violence under § 4B1.2(a), it is axiomatic that courts must employ the categorical approach as set forth in Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and Shepard v. United States, 544 U.S. 13, 15, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), looking at the nature of the prior conviction and not the specific facts of the offense. See United States v. Rodriguez-Jaimes, 481 F.3d 283, 286 (5th Cir. 2007). In United States v. Guevara, we held that the categorical approach also applies to evaluating whether the instant offense is a crime of violence. 408 F.3d at 261-62 (citing United States v. Calderon-Pena, 383 F.3d 254 (5th Cir.2004) (en banc)). We again applied the categorical approach to an instant offense in United States v. Dentler, holding that the instant offense had been wrongly classified as a crime of violence where the statute of conviction did not include violence as an essential element, even though the facts of the offense demonstrated violence and the *488 jury made a specific finding of violence.[5] 492 F.3d 306, 314 (5th Cir.2007).
Moreover, Application Note 2 to § 4B1.2 states that:
Section 4B1.1 (Career Offender) expressly provides that the instant and prior offenses must be crimes of violence or controlled substance offenses of which the defendant was convicted. Therefore, in determining whether an offense is a crime of violence or controlled substance for the purposes of § 4B1.1 (Career Offender), the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of inquiry.
§ 4B1.2 app. n. 2 (emphasis added). Thus, the Sentencing Guidelines anticipate that the evaluation of instant and prior offenses will be conducted in like manner applying the categorical approach. Further, evaluating prior offenses under the categorical approach, but not the instant offense, would lead to troubling and inconsistent results; specifically, during sentencing for the instant offense, a court might conclude that the offense was a crime of violence based on specific factual findings, but for the purposes of later determining whether that particular offense constitutes a prior crime of violence, the statute of conviction would speak for itself — under the categorical approach' — 'that it is not a crime of violence. Accordingly, the rationale for applying the categorical approach to both the instant and prior offenses is sound and there is no justification for enabling such conflicting results.[6]
1. Guevara Survives Booker
The Government acknowledges Guevara and Dentler, but argues that the categorical approach is not applicable here because the sentencing in Guevara was held prior to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[7] While the sentencing in Guevara took place prior to Booker, this court affirmed the sentence post-Boo/eer and clearly stated that the career offender determinations were made using the categorical approach and did not violate the Sixth Amendment under Booker — obviating any possibility that the holding in Guevara would be modified by Booker. Guevara, 408 F.3d at 261-62. Furthermore, the Dentler sen *489 tencing took place post -Booker and held that the district court plainly erred by not following the Jones court’s previous application of the categorical approach with respect to the instant offense. Dentler, 492 F.3d at 313.
The Government also observes that, after Booker, district courts may now make factual findings necessary to support a career offender determination without violating the Sixth Amendment. Although post-Booker “the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing,” United States v. Mares, 402 F.3d 511, 519 (5th Cir.2005), our easelaw nonetheless consistently requires courts to apply the categorical approach to Guidelines determinations as required by Taylor and its progeny — a line of authority distinct from Booker. See, e.g., United States v. Mohr, 554 F.3d 604, 607 (5th Cir.2009) (“In determining whether an offense qualifies as a crime of violence under the residual clause, this Court applies the categorical approach set out in Taylor and Shepard.”) (full citations omitted).
2. Guevara Applies to Both §§ JfBl.2(a)(l) and (2)
The Government alternatively asks the court to narrowly construe Guevara and Dentler to apply only to cases that involve whether an offense was a crime of violence under § 4B1.2(a)(l) because it had the use, attempted use, or threatened use of force as an element of the offense. Although both Guevara and Dentler did base their crime of violence determinations on the absence of a statutory element of violence or use of force, Guevara’s explicit holding precludes such a construction. Guevara specifically held that the categorical approach applied to crime of violence determinations based upon enumerated offenses and the residual clause of § 4B1.2(a)(2), as well as crime of violence determinations based upon § 4B1.2(a)(l). 408 F.3d at 261-62. The Guevara court did not indicate that there were any exceptions to the use of the categorical approach, stating:
Section 4B1.2(a)(2) instructs courts to consider the instant offense a crime of violence if it is “burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.” Our case-law interpreting that provision has categorically forbidden courts from looking beyond the statute and the indictment in making this decision. Therefore, as is the case with § 4B1.2(a)(l), under § 4B1.2(a)(2) the sentencing court cannot base its crime-of-violence determination on anything beyond what is present in the statute or alleged in the indictment, elements as to which, to convict, the jury must have found evidence beyond a reasonable doubt ....
Id. at 261-62 (internal citations omitted).
3. Application Note 1 and the Rules of Statutory Construction
The Government also claims that Guevara and Dentler do not control here because Application Note 1 to § 4B1.2 does not implicate the “broad definition” of crime of violence. The Government relies on the venerable principle that “in most contexts, a precisely drawn, detailed statute pre-empts more general remedies.” Hinck v. United States, 550 U.S. 501, 506, 127 S.Ct. 2011, 167 L.Ed.2d 888 (2007) (internal quotation marks and citations omitted). The Government’s argument rests on the false premise, however, that Sentencing Guidelines’ application notes create new freestanding provisions. Application notes only clarify the Guidelines’ provisions. See United States v. Ollison, 555 F.3d 152, 165 (5th Cir.2009) (citing Stinson v. United States, 508 U.S. 36, 38, *490 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993)) (“Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of that guideline.”). Unlawful possession of a sawed-off shotgun, like any crime of violence under § 4B1.2, must fall within the definition of either §§ 4B1.2(a)(l) or (a)(2) — that is, the crime must still either involve the use of force, be an enumerated offense, or fall within the residual clause.[8]
4. Distinguishing ACCA from Career Offender Enhancements
In Guevara, just as in the present case, the defendant challenged a career offender determination under § 4B1.1, not a determination under ACCA that enhanced his statutory maximum sentence. The Government, however, attempts to distinguish Guevara on the grounds that the line of cases from which Guevara evolved was based upon Taylor and Shepard, which involved ACCA determinations. The Government’s attenuated distinction would require disavowing years of precedent. “The [ACCA] definition of ‘violent felony’ is identical to that of ‘crime of violence’ in the Guidelines context.” Mohr, 554 F.3d at 609. The method used to categorize convictions has never turned on whether the determination will impact the statutory maximum; the same categorical approach applies under ACCA or § 4B1.2.[9] See id. at n. 4 (“We have previously applied our holdings under the residual clause of the ACCA to analyze the definition of crimes of violence under § 4B1.2, and vice ver-sa”); see also United States v. Hawley, 516 F.3d 264, 271-72 (5th Cir.2008) (“Section 4B1.2 of the Guidelines contains the same Otherwise Clause as § 924(e) in defining ‘crime of violence’ ”); Dentler, 492 F.3d at 313.[10]
In my view, the Government’s attempts to avoid the application of the categorical approach run afoul of this court’s rulings in Guevara and Dentler, and the language of § 4B1.1. Both Guevara and § 4B1.1 *491 expressly provide that the instant and pri- or offenses must be crimes of violence (or controlled substance offenses) of which the defendant was convicted, and that the categorical approach governs such determinations. Accordingly, the district court was required to apply the categorical approach in making its determination that Lipscomb’s present offense was a crime of violence under § 4B1.2(a).

B. Application of the Categorical and Modified Categorical Approaches

I now turn to whether Lipscomb’s present offense was a crime of violence when examined under the categorical and modified categorical approaches. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir.1992) (This court may “affirm the district court’s judgment on any grounds supported by the record.”).
“In determining whether an offense qualifies as a crime of violence under the residual clause, this Court applies the categorical approach” as set out in Taylor and Shepard. Mohr, 554 F.3d at 607; see also United States v. Insaulgarat, 378 F.3d 456, 467 (5th Cir.2004). Under the categorical approach, “we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.” Begay, 553 U.S. at 141, 128 S.Ct. 1581; see also James v. United States, 550 U.S. 192, 201, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (“[W]e look only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction.”) (internal quotations marks and citations omitted). “That is, we consider whether the elements of the offense are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender.” James, 550 U.S. at 201, 127 S.Ct. 1586. The court thereby avoids the practical difficulty of trying to ascertain whether the defendant’s crime, “as committed on a particular occasion, did or did not involve violent behavior.” Chambers v. United States, — U.S.-, 129 S.Ct. 687, 690, 172 L.Ed.2d 484 (2009).
Although the strict categorical approach is the starting point of the analysis, it is not necessarily the ending point. Courts may look beyond the statutory definition and apply 'a “modified categorical approach” under limited circumstances. Johnson, 130 S.Ct. at 1273. As the Supreme Court recently explained in Nijhawan v. Holder:
[Sjometimes a separately numbered subsection of a criminal statute will refer to several different crimes, each described separately. And it can happen that some of these crimes involve violence while others do not .... In such an instance, we have said, a court must determine whether an offender’s prior conviction was for the violent, rather than the nonviolent [crime], by examining “the indictment or information and jury instructions,” Taylor, supra, at 602, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607, or, if a guilty plea is at issue, by examining the plea agreement, plea colloquy or “some comparable judicial record” of the factual basis for the plea. Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).
129 S.Ct. 2294, 2299 (2009); see also Johnson, 130 S.Ct. at 1273. Consistent with Nijhawan and Johnson, this court has explained that “[w]hen a defendant is convicted under a statute that contains disjunctive subsections, the court may look to the charging documents ‘to determine by which method the crime was committed in *492 a particular case Mohr, 554 F.3d at 607 (quoting United States v. Riva, 440 F.3d 722, 723 (5th Cir.2006)).
Accordingly, I begin with whether the offense of conviction, 18 U.S.C. § 922(g), contains multiple crimes. See Hughes, 602 F.3d at 676. Section 922(g) contains multiple crimes; parsing the language of the statute produces at least twenty separate offenses. See 18 U.S.C. § 922(g). Applying the modified categorical approach for the purpose of determining “which statutory phrase was the basis for the conviction,” Johnson, 130 S.Ct. at 1273, I look to “the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information,” Shepard, 544 U.S. at 26, 125 S.Ct. 1254. The language of the indictment narrows the offense to “[i]t shall be unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm in or affecting interstate and foreign commerce.”
Ordinarily, this court would next turn to evaluating whether the conviction constitutes a crime of violence because it is “roughly similar” to the enumerated offenses in § 4331.2(a). See Begay, 553 U.S. at 143, 128 S.Ct. 1581; United States v. Harrimon, 568 F.3d 531, 534-35 (5th Cir. 2009). Here, however, such analysis is unnecessary in light of the specific instructions of Application Note 1 to § 4B1.2. See Ollison, 555 F.3d at 165 (citing Stin-son, 508 U.S. at 38, 113 S.Ct. 1913) (“Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly-erroneous reading of that guideline.”). As noted above, Application Note 1 provides that possession of a firearm by a convicted felon is not a crime of violence unless the firearm possessed was a firearm described in § 5845(a). See U.S.S.G. § 4B1.2, app. n. 1.
Thus, the pertinent issue becomes whether anything that the district court was allowed to consider under the categorical approach or modified categorical approach demonstrated that the firearm possessed by Lipscomb was a firearm described in § 5845(a). The Government argues that the district court could have looked to Lipscomb’s admissions under oath[11] or to the indictment’s allegations that the firearm was a shotgun with an overall length less than 26 inches and barrel length less than 18 inches.[12]
But in accordance with Nijhawan and Johnson, under the modified categorical approach the court’s consideration of the indictment and other judicial documents must end upon ascertaining “which statutory phrase (contained within a statutory provision that covers several different generic crimes)” covered the conviction. Nijhawan, 129 S.Ct. at 2303. The modified approach provides no license for further consideration of the indictment or judicial documents.
*493 Consequently, the court may consider only the elements contained within the statutory definition of the crime. James, 550 U.S. at 201, 127 S.Ct. 1586. The relevant statutory phrase of § 922(g)(1) has three elements: (1) the defendant had a prior conviction of a crime punishable by imprisonment for a term exceeding one year; (2) he knowingly possessed a firearm; (3) the firearm was in or affecting interstate commerce. 18 U.S.C. § 922(g)(1). Nothing in the felon in possession statute mentions the characteristics of the weapon, and the language of the statute is as far as the categorical approach extends. Anything further would be a prohibited inquiry into “the specific conduct of this particular offender.” James, 550 U.S. at 202, 127 S.Ct. 1586. The Government’s arguments are therefore without merit because (1) after determining the relevant statutory provision, the court may not delve further into the indictment or plea colloquy under the modified categorical approach, and (2) the type of firearm possessed is not an element of a conviction for possession of a firearm by a convicted felon under § 922(g)(1) pursuant to the categorical approach.
Although the Government argues that the type of weapon was an essential element of conviction because it would have been required to prove that Lipscomb possessed the firearm described in the indictment at trial, this court has in fact reached the contrary conclusion. See United States v. Guidry, 406 F.3d 314, 322 (5th Cir.2005) (no fatal variance between the indictment and the proof offered at trial when the indictment alleged possession of a 9mm Kurz and the evidence at trial showed the defendant possessed a .380-caliber pistol because the type of weapon possessed was not an essential element of the offense); United States v. Munoz, 150 F.3d 401, 417 (5th Cir.1998) (no constructive amendment where government identified the firearm as a 12-gauge shotgun and the evidence showed that it was a 20-gauge; gauge of shotgun was not an essential element of the charged offense).
The Government further argues that by holding that the categorical approach precludes a court from making factual findings regarding the weapon at issue in the § 922(g)(1) conviction for purposes of § 4B1.2, this court entirely undermines the § 5845(a) exception included in Application Note 1. I disagree. A felon in possession of a short-barreled shotgun (or another type of firearm specified in § 5845(a)) may qualify for career offender enhancements based on state convictions. See, e.g., Ala.Code 1975 § 13A-11-63; Mo. Rev.Stat. § 571.020; Tenn.Code Ann. § 39-17-1302; Tex Pen.Code § 46.05; see also Serna, 309 F.3d at 862-63. Moreover, Application Note 1 does not support an exception to the categorical approach in cases involving unlawful possession of a firearm described in 26 U.S.C. § 5845(a). Application Note 1 only states that “ ‘crime of violence’ does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a).” U.S.S.G. § 4B1.2, app. n. 1. It does not address the application of the categorical approach to these offenses.
To summarize, in determining whether an offense is a crime of violence for the purposes of § 4B1.1, under the categorical and modified categorical approach, the offense of conviction should be the focus of inquiry. The indictment and other judicial documents listed in Shepard may be relied upon only to prove facts necessary to the conviction, Shepard, 544 U.S. at 20-21, 125 S.Ct. 1254, or for purposes of discerning under which statutory phrase of a disjunctive statute the defendant was convicted, Johnson, 130 S.Ct. at 1273. Because the testimony at sentencing on which the dis *494 trict court relied in determining that Lipscomb’s instant offense involved a firearm described in § 5845(a) was not evidence that may be considered under the categorical approach, I would hold that the district court’s reliance on that testimony was erroneous. Further, the court could not have considered the allegations in the indictment or the plea colloquy for purposes of establishing the characteristics of the weapon because those characteristics were not necessary to determine “which statutory phrase was the basis for conviction” under § 922(g)(1). Id.
IV. CONCLUSION
For the reasons discussed, the district court erred in concluding that Lipscomb’s instant crime was a crime of violence and sentencing him as a career offender on that basis. I would vacate the sentence and remand to the district court for resen-tencing. Because the majority opinion adopts a contrary result, I respectfully dissent.

. The indictment stated in its entirety:
Felon in Possession of a Firearm (Violation of 18 U.S.C. § 922(g)(1) and 924(e)(1))
On or about March 20, 2007, in the Dallas Division of the Northern District of Texas, the defendant, Eddie Lamont Lipscomb, having being [sic] convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate and foreign commerce a firearm, to wit: a Harrington and Richardson, model 88, 20 gauge shotgun, bearing serial number BA490014, as modified having a barrel of less than 18 inches in length, and overall length of less than 26 inches, a weapon commonly known as a "sawed-off” shotgun. In [sic] violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

. The district court granted the downward variance on the grounds that Lipscomb did not actually own the shotgun and did not intentionally acquire the shotgun. Lipscomb attested that he got into a borrowed car, which he was driving at the time of his arrest, without knowing that there was a shotgun under the seat. The court stated that it ' 'assume[d] for purposes of the proceeding that [Lipscomb] didn’t necessarily know that the weapon was there, but [] probably should have” and that it had “serious doubts that [Lipscomb] actually owned, or had intentions to commit a crime with respect to the firearm at issue."

. 18 U.S.C. § 922(g)(1) provides that:
It shall be unlawful for any person — ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

. There is no dispute that Lipscomb satisfies § 4B 1.1(1) and (3).

. In Dentler, the court relied on the categorical approach analysis and conclusions in United States v. Jones, 993 F.2d 58, 61-62 (5th Cir.1993). Jones held that "the jury could convict Jones of count two [ACCA] only if it found he committed a crime of violence,” but the subsection of the disjunctive statute charged in count one of the indictment did not include the essential element of violence. Id. at 62. The Jones court therefore reversed the ACCA conviction. Id. Although Jones evaluated whether the offense at issue was a crime of violence for purposes of applying ACCA, this court has consistently applied our crime of violence holdings under ACCA to analyze the definition of crimes of violence under § 4B1.2, and vice versa. See United States v. Mohr, 554 F.3d 604, 609 n. 4 (5th Cir.2009) (citing cases).

. The Fourth and Ninth Circuits have also held that "the crime-of-violence determination under U.S.S.G. § 4B1.2, a legal question, is properly decided under Taylor's categorical analysis in cases of both prior and current offenses.” United States v. Piccolo, 441 F.3d 1084, 1087 (9th Cir.2006); see United States v. Martin, 215 F.3d 470, 472-75 (4th Cir.2000). The Tenth Circuit, however, rejects the categorical approach in favor of "a conduct-specific inquiry” when considering the instant offense of conviction. United States v. Riggans, 254 F.3d 1200, 1203-04 (10th Cir.2001).

.In United States v. Booker, the Supreme Court held that the then mandatory nature of the Sentencing Guidelines violated a defendant's Sixth Amendment rights, and the maximum sentence that a judge may impose must be determined solely on the basis of facts reflected in a jury verdict or admitted by the defendant. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

. As explained above, unlawful possession of a sawed-off shotgun would only fall within the residual clause as an offense that "otherwise involves conduct that presents serious potential risk of physical injury to another.” U.S.S.G. § 4B 1.2(a)(2); see Serna, 309 F.3d at 862 & n. 6.

. For the sake of clarity, I note that this court frequently also utilizes crime of violence determinations pursuant to U.S.S.G. § 2L1.2, for illegal reentry sentencing, to analyze the definition of crimes of violence under ACCA and § 4B1.2, and vice versa. See United States v. Garcia, 470 F.3d 1143, 1147 n. 5 (5th Cir.2006) (considering previous crime of violence holdings under § 2L1.2 for purposes of making a § 4B 1.2(a)(1) crime of violence determination). Such comparisons are inappropriate, however, when addressing ACCA or § 4B 1.2(a)(2) crime of violence determinations under the residual clause because Application Note l(B)(iii) to § 2L1.2, defining crime of violence for purposes of § 2L1.2, does not contain a residual clause. See United States v. Calderon-Pena, 383 F.3d 254, 261 (5th Cir.2004) (en banc) (recognizing this distinction between § 2L1.2 and § 4B1.2); see also United States v. Charles, 301 F.3d 309, 315-16 (5th Cir.2002) (en banc) (DeMoss, J., specially concurring) ("I write separately to amplify the nature and extent of the confusion and ambiguities which exist as to the meaning of the term 'crime of violence' .... I can see no rational justification for a defined term such as ‘crime of violence' ... to have this many different meanings.”).

.Other circuits have likewise extended the Supreme Court's ACCA rulings regarding the categorical approach to the Guidelines career offender enhancement context under § 4B1.2. See United States v. McDonald, 592 F.3d 808, 810-11 (7th Cir.2010); United States v. Furqueron, 605 F.3d 612, 614 (8th Cir.2010); United States v. Alexander, 609 F.3d 1250, 1253, (11th Cir.2010); United States v. Dennis, 551 F.3d 986, 988-89 (10th Cir.2008); Piccolo, 441 F.3d at 1086.

. Even if the district court had considered Lipscomb's plea colloquy and factual resume, the record shows that while Lipscomb admitted that the firearm was a sawed-off shotgun, he never admitted that the barrel length of the firearm was less than 18 inches or that the overall length was less than 26 inches.

. The Government argues that by pleading guilty to the indictment, Lipscomb necessarily admitted all the factual allegations contained in the indictment. This court has not yet had cause to address that contentious question, nor does the court have reason to reach the issue here. See United States v. Morales-Martinez, 496 F.3d 356, 359 (5th Cir.2007).