# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2010

Lyle W. Cayce
Clerk

No. 09-10240

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDDIE LAMONT LIPSCOMB,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before KING, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:

Eddie Lamont Lipscomb appeals his sentence enhancement under U.S.S.G. § 4B1.1, arguing that his instant conviction for possessing a firearm as a felon under 18 U.S.C. § 922(g) does not qualify as a crime of violence. Because Lipscomb pleaded guilty to a single-count indictment expressly charging him with possessing a sawed-off shotgun, a crime of violence, we affirm.

## I.

Lipscomb pleaded guilty to a single-count indictment charging him with possessing a firearm as a felon, *see* 18 U.S.C. § 922(g), and charging him as an armed career criminal, *see* § 924(e). The indictment described the weapon as "a Harrington and Richardson, model 88, 20 gauge shotgun, . . . as modified having

No. 09-10240

a barrel of less than 18 inches in length, and overall length of less than 26 inches, a weapon commonly known as a 'sawed-off' shotgun."[1]  Based on this plea of guilty to possessing a sawed-off shotgun as a felon and his prior offenses, his presentence report classified him as a career offender under § 4B1.1, subjecting him to an enhanced sentence totaling 292 to 365 months of imprisonment and three to five years of supervised release.  Lipscomb objected.  In addition to moving for a variance, Lipscomb argued that the § 4B1.1 career offender enhancement did not apply to him, because the instant offense was not a crime of violence.  Specifically, he argued that the categorical method as set forth in *Taylor v. United States*, 495 U.S. 575 (1990), and progeny prevented the sentencing court from considering how the defendant committed the crime. Although the gun was, as alleged in the indictment, a sawed-off shotgun, his conviction was not for a crime of violence, he argues, because § 922(g) has no element requiring proof of a specific type of gun.  Furthermore, the district court improperly relied on testimony from a police officer who described the weapon as a sawed-off shotgun.

The district court concluded that the § 922(g) conviction was a crime of violence and that the career offender provisions of § 4B1.1 applied.  The district court did, however, grant a variance, sentencing Lipscomb to 240 months in prison and five years of supervised release.  When asked by the government

---

[1] The indictment read:

Felon in Possession of a Firearm
(Violation of 18 U.S.C. § 922(g)(1) and 924(e)(1))

On or about March 20, 2007, in the Dallas Division of the Northern District of Texas, the defendant, Eddie Lamont Lipscomb, having being [sic] convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate and foreign commerce a firearm, to wit: a Harrington and Richardson, model 88, 20 gauge shotgun, bearing serial number BA490014, as modified having a barrel of less than 18 inches in length, and overall length of less than 26 inches, a weapon commonly known as a "sawed-off" shotgun.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

No. 09-10240

whether it would give the same sentence had § 4B1.1 not applied, the district court replied that it would want to reconsider its sentence if the enhancement did not apply. Lipscomb timely appealed.

## II.

"Characterizing an offense as a crime of violence is a purely legal determination," which we review *de novo*. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Guevara*, 408 F.3d 252, 261 n.10 (5th Cir. 2005).

Turning to this case, the Sentencing Guidelines call for an enhanced sentence for defendants who, like the defendant here, (1) are at least eighteen years old at the time of the instant conviction, (2) are currently being sentenced for a crime of violence or a controlled substance offense, and  (3) have at least two prior convictions for either crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). Lipscomb acknowledges that he meets criteria (1) and (3). The question in this case is whether Lipscomb's instant conviction is a crime of violence.

For our purposes today, a crime is a crime of violence if it is an "offense under federal . . .  law, punishable by imprisonment for a term exceeding one year, that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a)(2).[2] To determine whether a crime is a crime of violence, we consider only "conduct 'set forth in the count of which the defendant was convicted,'" but may not consider any other evidence to determine

---

[2] Section 4B1.2(a) provides, in full:
The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

the conduct underlying the instant offense. *United States v. Fitzhugh*, 954 F.2d 253, 254 (5th Cir. 1992) (quoting U.S.S.G. § 4B1.2 Application Note 1). Therefore, the district court erred by considering testimony as to the weapon's characteristics to be relevant, but the error was harmless. As noted above, Lipscomb's single-count indictment, which the district court could consider, alleges that he possessed a sawed-off shotgun. The only remaining question is whether possessing such a weapon, "by its nature, presented a serious potential risk of physical injury." *United States v. Insaulgarat*, 378 F.3d 456, 467 (5th Cir. 2004). We think that the Sentencing Commission's commentary to § 4B1.2 answers that for us. *Stinson v. United States*, 508 U.S. 36, 44-45 (1993) (holding that commentary to the guidelines is "treated as an agency's interpretation of its own legislative rule").[3] "Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (*i.e.*, a sawed-off shotgun . . . ) is a crime of violence." U.S.S.G. § 4B1.2 Application Note 1.[4] Accordingly, as per the specific allegations of the indictment and his plea of guilty to those charges, Lipscomb's § 922(g) conviction is for a crime of violence.

Lipscomb argues otherwise, asserting that applying the categorical analysis his conviction under § 922(g) only required that the government prove that he possessed a gun—nothing more. We reject Lipscomb's argument that we must apply the categorical approach crafted by the Supreme Court in *Taylor* and its progeny.[5] Such a rule would require the sentencing court to use the

---

[3] Neither party challenges the Sentencing Commission's classification of the offense.

[4] Specifically, the weapon must be "a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length," which are the characteristics alleged in the indictment. 26 U.S.C. § 5845(a)(2).

[5] Today we are addressing a sentence under the Guidelines. We have, in some cases, used the Armed Career Criminal Act case law as a "guide" to determine a crime of violence under § 4B1.2, but never in a situation when that case law appeared to be inconsistent with the Sentencing Commission's binding commentary. *See, e.g.*, *United States v. Mohr*, 554 F.3d

indictment only to determine the statutory phrase that is the basis of conviction. Thus, he argues, his conviction is only for possessing a "firearm," as the statute proscribes; his conviction is not for possessing a sawed-off shotgun, as the indictment's language charges. This argument ignores the fact that *Taylor* and its progeny were decided under the Armed Career Criminal Act and did not involve the application of—or even mention—the specific Guidelines commentary at issue here. The commentary, which applies in this case, specifically treats unlawful possession of a firearm by a felon as a crime of violence when the weapon is a sawed-off shotgun. *Id*. Lipscomb's proposed standard, if applied here, would render the commentary meaningless for § 922(g) offenses. We do not think the Sentencing Commission intended its commentary to have such an effect. Moreover, had the Sentencing Commission intended the sentencing court to be bound by the statute of conviction, its reference in Application Note 1 to the "*conduct* set forth (*i.e.*, expressly charged) in the count

---

604, 608-10 (5th Cir. 2009) (using *Begay v. United States*, 555 U.S. 137 (2008), to interpret the kinds of crimes that qualified under the "otherwise" clause). Our rule limiting district courts to the conduct charged in the indictment comes from the Sentencing Commission's commentary, not the Armed Career Criminal Act cases. *Fitzhugh*, 954 F.2d at 254.

      Lipscomb also invokes *Guevara*, in which the court stated that the sentencing court could not consider "anything beyond what is present in the statute or alleged in the indictment, elements as to which, to convict, the jury must have found evidence beyond a reasonable doubt in any event" to find that the instant offense is a crime of violence under § 4B1.2(a)(2). 408 F.3d at 262 (citing *United States v. Calderon-Pena*, 383 F.3d 254 (5th Cir. 2004) (en banc) (per curiam)). That statement was merely *dicta*. The issue in *Guevara* was whether a pre-*Booker* crime-of-violence determination under § 4B1.2(a) violated the defendant's Sixth Amendment rights by allowing the judge, not the jury, to find facts that enhanced his sentence. It is true that the court said neither § 4B1.2(a) (1) or (2) would cause Sixth Amendment problems, but only its analysis of 4B1.2(a)(1) was necessary to the holding. The court considered whether the crime was a crime of violence only under § 4B1.2(a)(1), "express[ing] no opinion whether it would qualify under § 4B1.2(a)(2)." *Id.* at 259. Therefore, *Guevara*'s comment on § 4B1.2(a)(2) was unnecessary to the case's disposition. *Calderon-Pena*, which *Guevara* cited, involved a different guideline, § 2L1.2, which considers only the elements of unenumerated offenses. It has neither a residual clause, which is at issue here, nor supplemental commentary. *See* U.S.S.G. § 2L1.2 Application Note 1. It is, therefore, not helpful in deciding the issue before us. Parenthetically, we also note that *Guevara* dealt with a conviction in which the jury was the fact finder, whereas here we are dealing with facts admitted through a plea of guilty.

No. 09-10240

of which the defendant was convicted" would be superfluous. *See id.* (emphasis added). Thus, applying the commentary of § 4B1.2, as we must, we hold that this conviction, resulting from a plea to an indictment count that specifically charged possession of a sawed-off shotgun as a felon, is for a crime of violence.

### III.

To recap, we hold that for the purpose of § 4B1.2, a conviction is for a crime of violence when the defendant pleads guilty to an indictment count that alleges conduct that presents a serious potential risk of injury to another. Lipscomb, in pleading guilty to an indictment charging him with violating 18 U.S.C. § 922(g) by possessing a sawed-off shotgun—a crime of violence, according to the Guidelines commentary—did just that. The judgment of the district court is

AFFIRMED.

No. 09-10240

KING, Circuit Judge, concurring in the judgment:

I agree with Judge Jolly that Lipscomb's offense of conviction (his instant offense)—being a felon in possession, in violation of 18 U.S.C. § 922(g)(1)—was a "crime of violence," as defined by U.S.S.G. § 4B1.2(a)(2). Accordingly, I concur in the judgment affirming his sentence. However, I write separately for two reasons. First, I write to clarify my agreement with Judge Jolly that an elements-based categorical approach is inappropriate here. Second, I explain my disagreement with my colleagues' determination that the district court erred when it made a post-plea factual finding to determine that the gun Lipscomb possessed was a sawed-off shotgun as described in 26 U.S.C. § 5845(a).[1] Unlike my colleagues, I conclude that the district court committed no error in making that determination through a factual finding at sentencing.

In reaching his conclusion that a felon-in-possession conviction is not a crime of violence under § 4B1.2(a)(2), Judge Stewart applies the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990), and its progeny. Under that approach, a sentencing court may "look only to the fact of conviction and the statutory definition of the . . . offense," *id.* at 602, except that, "whenever a statute provides a list of alternative methods of commission . . . [,] we may look to charging papers to see which of the various statutory alternatives are involved in the particular case," *United States v. Calderon–Pena*, 383 F.3d 254, 258 (5th Cir. 2004) (en banc) (per curiam). In making this determination where the conviction was reached by plea, "we may consider the statement of factual basis for the charge, a transcript of the plea colloquy or written plea agreement, or a record of comparable findings of fact

---

[1] This category of weapon is defined to include "(1) a shotgun having a barrel or barrels of less than 18 inches in length; [and] (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a)(1)–(2). The weapon Lipscomb possessed satisfied these criteria; the issue is whether the district court properly determined that fact.

7

adopted by the defendant upon entering the plea regarding the . . . offense[ ].” *United States v. Mohr*, 554 F.3d 604, 607 (5th Cir. 2009) (citing *Shepard v. United States*, 544 U.S. 13, 20 (2005)). Because 18 U.S.C. § 922(g)(1) forbids a felon such as Lipscomb from possessing *any* firearm, there is no “statutory alternative[]” forbidding *only* the possession of a sawed-off shotgun as described in 26 U.S.C. § 5845(a)(1)–(2). Accordingly, under Judge Stewart’s view, there is no element of a § 922(g)(1) offense that presents a serious risk of physical injury to another, and being a felon in possession is thus not a crime of violence.

However, Judge Stewart’s categorical approach cannot be the correct result because it is plainly inconsistent with the Application Notes following § 4B1.2. Those Application Notes unequivocally state that “[u]nlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun . . . ) *is* a ‘crime of violence,’” U.S.S.G. § 4B1.2 cmt. n.1 (emphasis added), and that the term “does not include the offense of unlawful possession of a firearm by a felon, *unless* the possession was of a firearm described in 26 U.S.C. § 5845(a),” *id.* (emphasis added). This commentary is authoritative on the subject. *Stinson v. United States*, 508 U.S. 36, 42–43 (1993); *United States v. Williams*, 610 F.3d 271, 293 n.29 (5th Cir. 2010) (“Commentary contained in U.S.S.G. application notes is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.” (internal quotation marks omitted)). And for this commentary to have any meaningful effect,[2] it must be possible in at least *some* instances for a

---

[2] Judge Stewart indicates that there are state crimes expressly forbidding possession by felons of sawed-off shotguns of the dimensions described in 26 U.S.C. § 5845(a)(1)–(2), and that these are the only crimes of violence contemplated by the Application Notes to § 4B1.2. This token gesture gives no effect to the intentions of the drafters, who recognized that “Congress has determined that those firearms described in 26 U.S.C. § 5845(a) are inherently dangerous and when possessed unlawfully, serve only violent purposes.” U.S.S.G. supp. app. C, amend. 674, at 134. The drafters approved of the decisions of “[a] number of courts [that] held that possession of certain of these firearms, such as a sawed-off shotgun, is a ‘crime of violence’ due to the serious potential risk of physical injury to another person.” *Id.* The

felon-in-possession conviction to constitute a crime of violence. But Judge Stewart's approach precludes that result; following his method would mean that a felon-in-possession conviction under 18 U.S.C. § 922(g)(1)—prior or instant—could *never* be classified as a crime of violence, no matter whether the gun possessed was a sawed-off shotgun as described in 26 U.S.C. § 5845(a)(1)–(2).

Nor is Judge Stewart's approach compelled by our precedent. In *Calderon–Pena*, we addressed whether a prior conviction for child endangerment under Texas law was a "crime of violence" under U.S.S.G. § 2L1.2(b) by "'ha[ving] as an element the use, attempted use, or threatened use of physical force against the person of another.'" 383 F.3d at 256 (quoting U.S.S.G. § 2L1.2 cmt. n.1(B)(ii) (2001)).[3] We reasoned that the "as an element" language required us to "look [solely] to the *elements* of the crime, not to the defendant's actual conduct in committing it." *Id.* at 257. Although the manner and means of Calderon–Pena's offense involved the use of physical force, we concluded that none of the statutory alternatives contained within the Texas definition of child endangerment had as an element the required use, attempted use, or threatened use of physical force. *Id.* at 260. In reaching this conclusion, we specifically compared the language at issue in § 2L1.2 to that in § 4B1.2(a). *See id.* at 258 n.6. We indicated that an elements-based approach was appropriate for § 4B1.2(a)(1) because it used the language "as an element," while the manner and means of committing an offense could properly be considered under

_____

drafters' obvious goal in amending the Application Notes is undermined by the strained interpretation of § 4B1.2(a)(2) that would find possession of a sawed-off shotgun to be a crime of violence only where it is a prior state conviction.

[3] The language in the current version of § 2L1.2 remains unchanged , but it is now located in Application Note 1(b)(iii).

No. 09-10240

§ 4B1.2(a)(2) because the latter provision used the phrase "involves conduct." *Id*.[4]

We applied *Calderon–Pena*'s discussion of § 4B1.2(a)(1) to an offense of conviction in *United States v. Guevara*, 408 F.3d 252 (5th Cir. 2005). We concluded that Guevara's offense of threatening to use a weapon of mass destruction, in violation of 18 U.S.C. § 2332a, was a crime of violence under § 4B1.2(a)(1) because it had, as an element, the threatened use of physical force. *Id*. at 259–60. We expressly declined to determine whether that instant offense would have qualified as a crime of violence under § 4B1.2(a)(2). *See id*. at 259 ("Because Guevara's conviction qualifies as a 'crime of violence' under § 4B1.2(a)(1), we express no opinion as to whether it would qualify under § 4B1.2(a)(2)."); *id*. at 260 n.6 ("We decline to engage in the more complicated analysis under § 4B1.2(a)(2), which under the 'otherwise clause' would require us to consider risk posed by hypothetical conduct."). As Judge Jolly notes, the *Guevara* court also indicated in dicta that a categorical approach would similarly be appropriate when applying § 4B1.2(a)(2) to instant offenses. *Id*. at 261–62.[5]

---

[4] The relevant discussion consisted of the following:

The criminal law has traditionally distinguished between the elements of an offense and the manner and means of committing an offense in a given case. Indeed, the Guidelines themselves recognize such a distinction. *Compare* U.S.S.G. § 4B1.2(a)(1) (2003) (using "as an element" language), *with id.* § 4B1.2(a)(2) (using the phrase "involves conduct"). The distinction is also recognized in the commentary to § 4B1.2. *See id.* § 4B1.2, cmt. n.1 (defining a "crime of violence" as an offense that either "has as an element the use, attempted use, or threatened use of physical force against the person of another"; *or* where the "conduct set forth . . . in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another").

*Calderon–Pena*, 383 F.3d at 258 n.6.

[5] We are free to disregard dicta from prior panel opinions when we find it unpersuasive. *See United States v. Gieger*, 190 F.3d 661, 665 (5th Cir. 1999) ("We find this dicta unpersuasive and contrary to section 3A1.1's text and we choose not to follow it."). As I explain below, I agree with Judge Jolly that we should do exactly that with regard to this

10

No. 09-10240

In my view, district courts are not limited to a strict, elements-based categorical approach when applying § 4B1.2(a)(2) to an instant offense. The relevant text refers to a defendant's "conduct" rather than to any particular "element" of the crime. *Compare* U.S.S.G. § 4B1.2(a)(1) ("has as an element . . .") *with* U.S.S.G. § 4B1.2(a)(2) ("involves conduct . . ."). I therefore agree with the *Calderon–Pena* court's discussion that this is a meaningful distinction. Thus, at a minimum, district courts may consider the sources of information deemed acceptable under the modified categorical approach articulated in *Shepard*.[6] In that case, the Supreme Court held that guilty pleas may establish predicate offenses under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e),[7] and indicated that a sentencing court was free to look to the transcript of plea colloquy or written plea agreement in determining "whether the plea had 'necessarily' rested on the fact" qualifying the conviction as a predicate offense. *Shepard*, 544 U.S. at 21; *see also Taylor*, 495 U.S. at 602 (indicating that a conviction could be narrowed "where a jury was actually required to find all the elements" qualifying the conviction as a predicate offense). Following *Shepard*,

dicta from *Guevara.*

[6] District courts are, of course, limited to an elements-based categorical approach in determining whether a prior offense of conviction is a crime of violence under § 4B1.2(a)(1). *United States v. Garcia*, 470 F.3d 1143, 1147 (5th Cir. 2006). They are limited to the modified categorical approach when addressing whether a prior offense of conviction is a crime of violence under § 4B1.2(a)(2). *United States v. Rodriguez–Jaimes*, 481 F.3d 283, 286 (5th Cir. 2007). In determining whether an instant offense of conviction is a crime of violence under § 4B1.2(a)(1), the *Guevara* court indicated that a modified categorical approach was appropriate, but it based its decision solely on the elements of the offense at issue. *Guevara*, 408 F.3d at 259 ("We need not look to the indictment, the facts, or anything other than the statute to determine whether § 2332a contains an element that qualifies Guevara's crime as a crime of violence under the guidelines.").

[7] "'We have previously applied our holdings under the residual clause of the ACCA to analyze the definition of crimes of violence under § 4B1.2, and vice versa.'" *United States v. Hughes*, 602 F.3d 669, 673 n.1 (5th Cir. 2010) (quoting *United States v. Mohr*, 554 F.3d 604, 609 n.4 (5th Cir. 2009)).

No. 09-10240

then, we should at least determine whether the district court could properly consider anything that "necessarily" established that Lipscomb possessed a sawed-off shotgun as described in 26 U.S.C. § 5845(a)(1)–(2).

Judge Jolly concludes that Lipscomb, by pleading guilty to the indictment, also pleaded guilty to the dimensions of the firearm at issue. I agree with the general proposition that a defendant's plea may establish, for purposes of § 4B1.2(a)(2), the fact that a firearm is of the requisite length under 26 U.S.C. § 5845(a)(1)–(2). However, I disagree with Judge Jolly's conclusion that Lipscomb's plea sufficiently established that fact.

There is no dispute that the indictment specifically charged Lipscomb with possessing a weapon with the characteristics of a sawed-off shotgun as described in 26 U.S.C. § 5845(a)(1)–(2).[8] Nevertheless, at no point did Lipscomb specifically admit that the firearm he possessed had the characteristics that would bring it within the description contained in 26 U.S.C. § 5845(a)(1)–(2). He submitted a factual resume that admitted to the model, gauge, and serial number, but did not mention the length of the firearm or its barrel. At the plea colloquy, Lipscomb waived his right to have the indictment read to him, and those details were not read. The district court then asked Lipscomb whether he understood that he was "charged with one count of being a felon in possession of a firearm; that is, a model 88 20 gauge shotgun commonly known as a sawed-off shotgun?" Lipscomb replied affirmatively, but this exchange did not involve any discussion of length—the characteristic that can bring a firearm within the ambit of 26 U.S.C. § 5845(a)(1)–(2). Lipscomb also admitted to each of the elements of 18 U.S.C. § 922(g)(1), but, again, the length of the firearm and its

_____

[8] The indictment charged that Lipscomb possessed "a Harrington and Richardson, model 88, 20 gauge shotgun bearing serial number BA490014, as modified having a barrel of less than 18 inches in length, and overall length of less than 26 inches, a weapon commonly known as a 'sawed-off' shotgun."

12

No. 09-10240

barrel were not mentioned. As a result, at sentencing, the district court expressly declined to find that the length aspect had been established through Lipscomb's plea, instead opting to make that determination by means of a factual finding based on testimony presented at sentencing.[9] It is for this reason that I cannot agree with Judge Jolly's conclusion that Lipscomb pleaded guilty to the length of the firearm when he pleaded guilty to the indictment.[10]

While I agree with Judge Jolly's conclusion that Lipscomb's sentence should be affirmed, I disagree with his view that the district court committed error (albeit harmless) by determining the length of the firearm through a factual finding at sentencing. Instead, I conclude that the district court was empowered to make the post-conviction factual finding that the firearm Lipscomb possessed was of the requisite length under 26 U.S.C. § 5845(a)(1)–(2). "Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt. Sentencing factors, on the other hand, can be proved to a judge at sentencing by a preponderance of the evidence." *United States v. O'Brien*, 130 S. Ct. 2169, 2174 (2010) (citations omitted); *see also United States*

---

[9] The district court ruled as follows:

I think it is a close question as to whether Mr. Lipscomb admitted the length of the weapon in that plea colloquy. I didn't ask him specifically the length of the weapon. This could be defined as a sawed-off shotgun in lay terms if it was shorter than as originally manufactured. So I think that is a close question. But I don't have to determine that, because I am determining that I may and did receive evidence today before sentencing the defendant, and that I may consider that in determining what sentence is appropriate. Therefore, I find as a factual matter that it was a sawed-off shotgun. It is a sawed-off shotgun of the dimensions specified in the indictment, and that that means that it is a crime of violence.

[10] An alternative possibility suggested but not directly addressed by Judge Jolly's opinion is a holding that Lipscomb's act of pleading guilty to the indictment necessarily entailed pleading guilty to all of the facts in the indictment, including the length of the firearm. Our circuit has yet to hold that pleading guilty to an indictment entails an admission of all the facts contained in the indictment, *see United States v. Morales–Martinez*, 496 F.3d 356, 359 (5th Cir. 2007), and, as I explain below, we need not do so here.

13

*v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) ("The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range . . . ."). Here, the panel has unanimously rejected the proposition that the characteristics set out in 26 U.S.C. § 5845(a)(1)–(2) are elements of 18 U.S.C. § 922(g)(1). As a general matter, then, there was no obstacle to the district court making a factual finding as to the length of the firearm Lipscomb possessed.[11]

Nor would we be the first circuit to permit such fact-finding under § 4B1.2(a)(2). In *United States v. Riggans*, the Tenth Circuit was faced with an instant offense of bank larceny. 254 F.3d 1200, 1203 (10th Cir. 2001). The defendant had committed the crime in a manner that "present[ed] a serious potential risk of physical injury to others," but he argued "that the district court was required to evaluate bank larceny only in the abstract." *Id.* The district court rejected that contention and considered the underlying facts of the offense. *Id.* On appeal, the Tenth Circuit affirmed, concluding that the justification for the categorical approach—avoiding ad hoc mini-trials over past convictions—was absent "'when the court is examining the conduct of the defendant in the instant offense.'" *Id.* at 1204 (quoting *United States v. Walker*, 930 F.2d 789, 794 (10th Cir. 1991), *superseded on other grounds as stated in Stinson v. United States*, 508 U.S. 36, 39 n.1 (1993)). Accordingly, the district court had not erred in

---

[11] I note that the Application Notes to § 4B1.2 require that conduct elevating an offense to a crime of violence must be charged in the indictment. *See* U.S.S.G. § 4B1.2 cmt. n.1 ("Other offenses are included as 'crimes of violence' if . . . the condu*ct set forth* (i.e., *expressly charged*) in the count of which the defendant was convicted . . . , by its nature, presented a serious potential risk of physical injury to another." (emphasis added)); *accord United States v. Charles*, 301 F.3d 309, 313 (5th Cir. 2002) (en banc) ("[I]n determining whether an offense is a crime of violence under § 4B1.2 or § 4B1.1, we can consider only conduct set forth in the count of which the defendant was convicted, and not the other facts of the case." (internal quotation marks omitted) (quoting *United States v. Fitzhugh*, 954 F.2d 253, 254 (5th Cir. 1992))). Here, the indictment expressly charged Lipscomb with possessing a sawed-off shotgun as described in 26 U.S.C. § 5845(a)(1)–(2).

undertaking a conduct-specific inquiry into the facts of conviction during sentencing. *Id.*[12]

I agree with that conclusion,[13] and I would hold here that a district court, after accepting a defendant's plea of guilty to the charge of being a felon in possession, may make a factual finding as to the characteristics of the firearm possessed, provided that those characteristics were charged in the indictment. This approach is consistent with the Supreme Court's decision in *Taylor*, which discussed three factors supporting a categorical approach to the 18 U.S.C. § 924(e) crime-of-violence determination for prior convictions: (1) statutory language; (2) legislative history; and (3) "the practical difficulties and potential unfairness" of ad hoc mini-trials. 495 U.S. at 600–01. Here, those factors weigh in favor of allowing the district court to make a factual finding as to the characteristics of the firearm Lipscomb possessed. First, the statutory language refers to "conduct" rather than "elements." *See Calderon–Pena*, 383 F.3d at 258 n.6. Second, the Application Notes were specifically amended to make possession of a firearm with the characteristics set forth in 26 U.S.C. § 5845(a) a crime of violence—something not possible under a straightforward categorical approach. *See* U.S.S.G. supp. app. C, amend. 674, at 134. Finally, there is no danger of an ad hoc mini-trial when the conduct at issue was charged in the indictment for the instant conviction. *See Riggans*, 254 F.3d at 1203–04. Thus, the factors that weighed against factual findings in *Taylor* weigh in support of them here.

---

[12] The *Riggans* court also took the broad view that district courts are not limited to conduct charged in the indictment in making § 4B1.2(a)(2) factual findings at sentencing. 254 F.3d at 1204. As discussed above, this view is in direct conflict with *Charles* and the Application Notes to § 4B1.2.

[13] Other circuits disagree. *See United States v. Piccolo*, 441 F.3d 1084, 1087 (9th Cir. 2006) (applying the categorical approach under § 4B1.2(a)(2) to an instant offense of conviction); *United States v. Martin*, 215 F.3d 470, 473–74 (4th Cir. 2000) (same).

No. 09-10240

For the foregoing reasons, I concur in the judgment.

No. 09-10240

CARL E. STEWART, Circuit Judge, dissenting:

Eddie Lamont Lipscomb appeals the sentence imposed after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Lipscomb argues that the district court erred by relying on the testimony of a police officer at sentencing to establish that his instant offense was a crime of violence pursuant to United States Sentencing Guideline (U.S.S.G.) § 4B1.1, because consideration of such testimony is precluded by the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). The majority opinion rejects Lipscomb's argument that we must apply the categorical approach, and instead relies on the Sentencing Commission's commentary to U.S.S.G. § 4B1.2 to affirm the conviction and sentence. For the following reasons, I respectfully dissent.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Lipscomb was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The indictment specified that the firearm Lipscomb possessed was a sawed-off shotgun with an overall length less than 26 inches and a barrel length less than 18 inches.[1]

At the initial rearraignment proceeding, Lipscomb stated that he was undecided about pleading guilty, and the magistrate judge did not accept his guilty plea. At the second rearraignment proceeding, Lipscomb requested

---

[1] The indictment stated in its entirety:
    Felon in Possession of a Firearm
    (Violation of 18 U.S.C. § 922(g)(1) and 924(e)(1))
    On or about March 20, 2007, in the Dallas Division of the Northern District of Texas, the defendant, Eddie Lamont Lipscomb, having being [sic] convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate and foreign commerce a firearm, to wit: a Harrington and Richardson, model 88, 20 gauge shotgun, bearing serial number BA490014, as modified having a barrel of less than 18 inches in length, and overall length of less than 26 inches, a weapon commonly known as a "sawed-off" shotgun. In [sic] violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

17

additional time to research a possible defense to the charge, and the district court granted Lipscomb a continuance. At the third rearraignment proceeding, Lipscomb finally pleaded guilty to the indictment without the benefit of a written plea agreement. In the amended factual resume that Lipscomb submitted, he admitted to possessing a shotgun, but did not admit to the length of the shotgun.

The presentence report (PSR) stated that Lipscomb was an armed career criminal pursuant to the Armed Career Criminal Act (ACCA), § 924(e)(1), and was therefore subject to an enhanced statutory sentence range. The PSR further stated that Lipscomb was a career offender under U.S.S.G. § 4B1.1 because, *inter alia*, Lipscomb's instant offense was a crime of violence. Pursuant to § 4B1.1, the PSR concluded that Lipscomb's base offense level was 37, and then applied a two-level reduction for acceptance of responsibility for a total offense level of 35. Based upon the offense level of 35 and criminal history category of VI, Lipscomb's Guidelines sentence range was 292 to 365 months of imprisonment and three to five years of supervised release.

While Lipscomb did not contest that he met the requirements for ACCA, he objected to his designation as a career offender under § 4B1.1. He asserted that his current offense was not a crime of violence because the determination of whether the offense is a crime of violence under § 4B1.1 must be made according to the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). Lipscomb noted that possession of a firearm by a convicted felon is not a crime of violence unless the firearm is the type described in 26 U.S.C. § 5845(a), but acknowledged that a sawed-off shotgun with a barrel less than 18 inches in length is a firearm described in § 5845(a). He argued, however, that while the indictment alleged that he possessed a shotgun with a barrel less than 18 inches in length, the district court could not consider this allegation under the

18

No. 09-10240

categorical approach because the allegation regarding the barrel length was not necessary to prove the offense under the statute of conviction. In addition to objecting to the PSR, Lipscomb filed a motion for a downward variance from the Guidelines sentence range.

At sentencing, the Government presented testimony from a police officer that the shotgun Lipscomb possessed was less than 26 inches in length and had a barrel less than 18 inches in length. The district court ruled that it could make the factual determination at sentencing that the firearm was the type described in § 5845(a) and apply the career offender enhancement on that basis because the dispute concerned whether the present offense, not a prior offense, was a crime of violence. Accordingly, it overruled Lipscomb's objections and adopted the Guidelines sentence range calculations set forth in the PSR. The district court granted Lipscomb's motion for a downward variance,[2] and sentenced Lipscomb to 240 months of imprisonment and five years of supervised release. Lipscomb objected to the sentence and the district court overruled the objection. The Government inquired whether the district court would have imposed the same sentence even if it had granted Lipscomb's objection to the career offender enhancement, and the district court responded that it would then reconsider the sentence imposed.

Lipscomb appeals his sentence, challenging only the district court's determination that his instant offense, possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), was a crime of violence.

---

[2] The district court granted the downward variance on the grounds that Lipscomb did not actually own the shotgun and did not intentionally acquire the shotgun. Lipscomb attested that he got into a borrowed car, which he was driving at the time of his arrest, without knowing that there was a shotgun under the seat. The court stated that it "assume[d] for purposes of the proceeding that [Lipscomb] didn't necessarily know that the weapon was there, but [ ] probably should have" and that it had "serious doubts that [Lipscomb] actually owned, or had intentions to commit a crime with respect to the firearm at issue."

19

No. 09-10240

## II. STANDARD OF REVIEW

A district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Other than a defendant's age at the time of the present offense, "the determinations made in the course of a career offender classification are all questions of law." *United States v. Guevara*, 408 F.3d 252, 261 (5th Cir. 2005). Thus, "[c]haracterizing an offense as a crime of violence is a purely legal determination." *Id.* at 261 n.10.

## III. DISCUSSION

Under § 4B1.1, a defendant is a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Lipscomb argues that his instant offense of conviction, under 18 U.S.C. § 922(g)(1),[3] did not qualify as a crime of violence as required by § 4B1.1(2).[4]

A "crime of violence" under § 4B1.1(a) is defined in § 4B1.2(a) as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

---

[3] 18 U.S.C. § 922(g)(1) provides that:

It shall be unlawful for any person– . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[4] There is no dispute that Lipscomb satisfies § 4B1.1(1) and (3).

20

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Section 4B1.2(a) actually provides three separate definitions of "crime of violence." *United States v. Hughes*, 602 F.3d 669, 673 (5th Cir. 2010). First, "a crime qualifies if 'physical force against the person of another' is an element of the offense." *Id.* at 673–74 (citing *Johnson v. United States*, 130 S. Ct. 1265 (2010)). "Second, a crime qualifies if it is an enumerated offense: burglary, arson, or extortion." *Id.* at 674 (citing *Taylor*, 495 U.S. 575 (1990)). "Third, a crime qualifies if it fits the residual clause, which focuses on 'potential risk of physical injury to another.'" *Id.* (citing *Begay v. United States*, 553 U.S. 137 (2008)).

The application notes to § 4B1.2 specifically provide that "'[c]rime of violence' does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a)." § 4B1.2 app. n.1. A shotgun modified so that it "has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length" is a firearm described in § 5845(a). *See* 26 U.S.C. § 5845(a).

As Lipscomb's instant offense of possession of a firearm by a convicted felon does not have the use, attempted use, or threatened use of physical force as an element and is not an enumerated offense, the issue here is whether Lipscomb's present offense "otherwise involves conduct presenting a serious risk of injury to another" under the residual clause of § 4B1.2(a)(2). *See United States v. Serna*, 309 F.3d 859, 862 & n.6 (5th Cir. 2002) (holding that the Texas offense of possession of a prohibited weapon could only qualify as a crime of violence under the residual clause of § 4B1.2(a)(2)).

No. 09-10240

## A. Applicability of the Categorical Approach to the Instant Offense

In making a determination that a *prior* offense is a crime of violence under § 4B1.2(a), it is axiomatic that courts must employ the categorical approach as set forth in *Taylor v. United States,* 495 U.S. 575, 602 (1990), and *Shepard v. United States*, 544 U.S. 13, 15 (2005), looking at the nature of the prior conviction and not the specific facts of the offense. *See United States v. Rodriguez-Jaimes*, 481 F.3d 283, 286 (5th Cir. 2007). In *United States v. Guevara*, we held that the categorical approach also applies to evaluating whether the *instant* offense is a crime of violence. 408 F.3d at 261–62 (citing *United States v. Calderon-Pena*, 383 F.3d 254 (5th Cir. 2004) (en banc)). We again applied the categorical approach to an instant offense in *United States v. Dentler*, holding that the instant offense had been wrongly classified as a crime of violence where the statute of conviction did not include violence as an essential element, even though the facts of the offense demonstrated violence and the jury made a specific finding of violence.[5] 492 F.3d 306, 314 (5th Cir. 2007).

Moreover, Application Note 2 to § 4B1.2 states that:

Section 4B1.1 (Career Offender) expressly provides that the *instant and prior offenses* must be crimes of violence or controlled substance offenses of which the defendant was convicted. Therefore, in determining whether an offense is a crime of violence or controlled

---

[5] In *Dentler*, the court relied on the categorical approach analysis and conclusions in *United States v. Jones*, 993 F.2d 58, 61–62 (5th Cir. 1993). *Jones* held that "the jury could convict Jones of count two [ACCA] only if it found he committed a crime of violence," but the subsection of the disjunctive statute charged in count one of the indictment did not include the essential element of violence. *Id*. at 62. The *Jones* court therefore reversed the ACCA conviction. *Id*. Although *Jones* evaluated whether the offense at issue was a crime of violence for purposes of applying ACCA, this court has consistently applied our crime of violence holdings under ACCA to analyze the definition of crimes of violence under § 4B1.2, and vice versa. *See United States v. Mohr*, 554 F.3d 604, 609 n.4 (5th Cir. 2009) (citing cases).

No. 09-10240

> substance for the purposes of § 4B1.1 (Career Offender), *the offense of conviction* (i.e., the conduct of which the defendant was convicted) is the focus of inquiry.

§ 4B1.2 app. n.2 (emphasis added). Thus, the Sentencing Guidelines anticipate that the evaluation of instant and prior offenses will be conducted in like manner applying the categorical approach. Further, evaluating prior offenses under the categorical approach, but not the instant offense, would lead to troubling and inconsistent results; specifically, during sentencing for the instant offense, a court might conclude that the offense was a crime of violence based on specific factual findings, but for the purposes of later determining whether that particular offense constitutes a prior crime of violence, the statute of conviction would speak for itself—under the categorical approach—that it is not a crime of violence. Accordingly, the rationale for applying the categorical approach to both the instant and prior offenses is sound and there is no justification for enabling such conflicting results.[6]

### 1. *Guevara Survives Booker*

The Government acknowledges *Guevara* and *Dentler*, but argues that the categorical approach is not applicable here because the sentencing in *Guevara* was held prior to *United States v. Booker*, 543 U.S. 220 (2005).[7] While the

---

[6] The Fourth and Ninth Circuits have also held that "the crime-of-violence determination under U.S.S.G. § 4B1.2, a legal question, is properly decided under *Taylor*'s categorical analysis in cases of both prior and current offenses." *United States v. Piccolo*, 441 F.3d 1084, 1087 (9th 2005); *see United States v. Martin*, 215 F.3d 470, 472–75 (4th Cir. 2000). The Tenth Circuit, however, rejects the categorical approach in favor of "a conduct-specific inquiry" when considering the instant offense of conviction. *United States v. Riggans*, 254 F.3d 1200, 1203–04 (10th Cir. 2001).

[7] In *United States v. Booker*, the Supreme Court held that the then mandatory nature of the Sentencing Guidelines violated a defendant's Sixth Amendment rights, and the maximum sentence that a judge may impose must be determined solely on the basis of facts reflected in a jury verdict or admitted by the defendant. 543 U.S. 220 (2005).

23

sentencing in *Guevara* took place prior to *Booker*, this court affirmed the sentence post-*Booker* and clearly stated that the career offender determinations were made using the categorical approach and did not violate the Sixth Amendment under *Booker*—obviating any possibility that the holding in *Guevara* would be modified by *Booker*. *Guevara*, 408 F.3d at 261–62. Furthermore, the *Dentler* sentencing took place post-*Booker* and held that the district court plainly erred by not following the *Jones* court's previous application of the categorical approach with respect to the instant offense. *Dentler*, 492 F.3d at 313.

The Government also observes that, after *Booker*, district courts may now make factual findings necessary to support a career offender determination without violating the Sixth Amendment. Although post-*Booker* "the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing," *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005), our caselaw nonetheless consistently requires courts to apply the categorical approach to Guidelines determinations as required by *Taylor* and its progeny—a line of authority distinct from *Booker*. *See, e.g., United States v. Mohr*, 554 F.3d 604, 607 (5th Cir. 2009) ("In determining whether an offense qualifies as a crime of violence under the residual clause, this Court applies the categorical approach set out in *Taylor* and *Shepard*.") (full citations omitted).

2. *Guevara Applies to Both §§ 4B1.2(a)(1) and (2)*

The Government alternatively asks the court to narrowly construe *Guevara* and *Dentler* to apply only to cases that involve whether an offense was a crime of violence under § 4B1.2(a)(1) because it had the use, attempted use, or threatened use of force as an element of the offense. Although both *Guevara* and *Dentler* did base their crime of violence determinations on the absence of a statutory element of violence or use of force, *Guevara's* explicit holding precludes

No. 09-10240

such a construction. *Guevara* specifically held that the categorical approach applied to crime of violence determinations based upon enumerated offenses and the residual clause of § 4B1.2(a)(2), as well as crime of violence determinations based upon § 4B1.2(a)(1). 408 F.3d at 261–62. The *Guevara* court did not indicate that there were any exceptions to the use of the categorical approach, stating:

> Section 4B1.2(a)(2) instructs courts to consider the instant offense a crime of violence if it is "burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Our caselaw interpreting that provision has categorically forbidden courts from looking beyond the statute and the indictment in making this decision. Therefore, as is the case with § 4B1.2(a)(1), under § 4B1.2(a)(2) the sentencing court cannot base its crime-of-violence determination on anything beyond what is present in the statute or alleged in the indictment, elements as to which, to convict, the jury must have found evidence beyond a reasonable doubt . . . .

*Id.* at 261–62 (internal citations omitted).

3. *Application Note 1 and the Rules of Statutory Construction*

The Government also claims that *Guevara* and *Dentler* do not control here because Application Note 1 to § 4B1.2 does not implicate the "broad definition" of crime of violence.  The Government relies on the venerable principle that "in most contexts, a precisely drawn, detailed statute pre-empts more general remedies." *Hinck v. United States*, 550 U.S. 501, 506 (2007) (internal quotation marks and citations omitted).  The Government's argument rests on the false premise, however, that Sentencing Guidelines' application notes create new freestanding provisions.  Application notes only clarify the Guidelines' provisions. *See United States v. Ollison*, 555 F.3d 152, 165 (5th Cir. 2007) (citing *Stinson v. United States*, 508 U.S. 36, 38 (1993)) ("Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates

the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of that guideline."). Unlawful possession of a sawed-off shotgun, like any crime of violence under § 4B1.2, must fall within the definition of either §§ 4B1.2(a)(1) or (a)(2)—that is, the crime must still either involve the use of force, be an enumerated offense, or fall within the residual clause.[8]

4. *Distinguishing ACCA from Career Offender Enhancements*

In *Guevara*, just as in the present case, the defendant challenged a career offender determination under § 4B1.1, not a determination under ACCA that enhanced his statutory maximum sentence. The Government, however, attempts to distinguish *Guevara* on the grounds that the line of cases from which *Guevara* evolved was based upon *Taylor* and *Shepard*, which involved ACCA determinations. The Government's attenuated distinction would require disavowing years of precedent. "The [ACCA] definition of 'violent felony' is identical to that of 'crime of violence' in the Guidelines context." *Mohr*, 554 F.3d at 609. The method used to categorize convictions has never turned on whether the determination will impact the statutory maximum; the same categorical approach applies under ACCA or § 4B1.2.[9] *See id.* at n.4 ("We have previously

---

[8] As explained above, unlawful possession of a sawed-off shotgun would only fall within the residual clause as an offense that "otherwise involves conduct that presents serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2); *see Serna*, 309 F.3d at 862 & n.6.

[9] For the sake of clarity, I note that this court frequently also utilizes crime of violence determinations pursuant to U.S.S.G. § 2L1.2, for illegal reentry sentencing, to analyze the definition of crimes of violence under ACCA and § 4B1.2, and vice versa. *See United States v. Garcia*, 470 F.3d 1143, 1147 n.5 (5th Cir. 2006) (considering previous crime of violence holdings under § 2L1.2 for purposes of making a § 4B1.2(a)(1) crime of violence determination). Such comparisons are inappropriate, however, when addressing ACCA or § 4B1.2(a)(2) crime of violence determinations under the residual clause because Application Note 1(B)(iii) to § 2L1.2, defining crime of violence for purposes of § 2L1.2, does not contain a residual clause. *See United States v. Calderon-Pena*, 383 F.3d 254, 261 (5th Cir. 2004) (en banc) (recognizing this distinction between § 2L1.2 and § 4B1.2); *see also United States v. Charles*, 301 F.3d 309, 315–16 (5th Cir. 2002) (en banc) (DeMoss, J., specially concurring) ("I write separately to

No. 09-10240

applied our holdings under the residual clause of the ACCA to analyze the definition of crimes of violence under § 4B1.2, and vice versa"); *see also United States v. Hawley*, 516 F.3d 264, 271–72 (5th Cir. 2008) ("Section 4B1.2 of the Guidelines contains the same Otherwise Clause as § 924(e) in defining 'crime of violence'"); *Dentler*, 492 F.3d at 313.[10]

In my view, the Government's attempts to avoid the application of the categorical approach run afoul of this court's rulings in *Guevara* and *Dentler*, and the language of § 4B1.1. Both *Guevara* and § 4B1.1 expressly provide that the instant and prior offenses must be crimes of violence (or controlled substance offenses) of which the defendant was convicted, and that the categorical approach governs such determinations. Accordingly, the district court was required to apply the categorical approach in making its determination that Lipscomb's present offense was a crime of violence under § 4B1.2(a).

## B. Application of the Categorical and Modified Categorical Approaches

I now turn to whether Lipscomb's present offense was a crime of violence when examined under the categorical and modified categorical approaches. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (This court may "affirm the district court's judgment on any grounds supported by the record.").

"In determining whether an offense qualifies as a crime of violence under the residual clause, this Court applies the categorical approach" as set out in

---

amplify the nature and extent of the confusion and ambiguities which exist as to the meaning of the term 'crime of violence'. . . . I can see no rational justification for a defined term such as 'crime of violence' . . . to have this many different meanings.").

[10] Other circuits have likewise extended the Supreme Court's ACCA rulings regarding the categorical approach to the Guidelines career offender enhancement context under § 4B1.2. *See United States v. McDonald*, 592 F.3d 808, 810–11 (7th Cir. 2010); *United States v. Furqueron*, F.3d 612, 614 (8th Cir. 2010); *United States v. Alexander*, 609 F.3d 1250, 1253, (11th Cir. 2010); *United States v. Dennis*, 551 F.3d 986, 988–89 (10th Cir. 2008); *Piccolo*, 441 F.3d at 1086.

No. 09-10240

*Taylor* and *Shepard. Mohr*, 554 F.3d at 607; *see also United States v. Insaulgarat*, 378 F.3d 456, 467 (5th Cir. 2004). Under the categorical approach, "we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay*, 553 U.S. at 141; *see also James v. United States*, 550 U.S. 192, 201 (2007) ("[W]e look only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction.") (internal quotations marks and citations omitted). "That is, we consider whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender." *James*, 550 U.S. at 201. The court thereby avoids the practical difficulty of trying to ascertain whether the defendant's crime, "as committed on a particular occasion, did or did not involve violent behavior." *Chambers v. United States*, 129 S. Ct. 687, 690 (2009).

Although the strict categorical approach is the starting point of the analysis, it is not necessarily the ending point. Courts may look beyond the statutory definition and apply a "modified categorical approach" under limited circumstances. *Johnson*, 130 S. Ct. at 1273. As the Supreme Court recently explained in *Nijhawan v. Holder*:

> [S]ometimes a separately numbered subsection of a criminal statute will refer to several different crimes, each described separately. And it can happen that some of these crimes involve violence while others do not. . . . In such an instance, we have said, a court must determine whether an offender's prior conviction was for the violent, rather than the nonviolent [crime], by examining "the indictment or information and jury instructions," *Taylor*, *supra*, at 602, 110 S. Ct. 2143, or, if a guilty plea is at issue, by examining the plea agreement, plea colloquy or "some comparable judicial record" of the

28

No. 09-10240

> factual basis for the plea. *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 161 L. Ed.2d 205 (2005).

129 S. Ct. 2294, 2299 (2009); *see also Johnson*, 130 S. Ct. at 1273. Consistent with *Nijhawan* and *Johnson,* this court has explained that "[w]hen a defendant is convicted under a statute that contains disjunctive subsections, the court may look to the charging documents 'to determine by which method the crime was committed in a particular case. . . .'" *Mohr*, 554 F.3d at 607 (quoting *United States v. Riva*, 440 F.3d 722, 723 (5th Cir. 2006)).

Accordingly, I begin with whether the offense of conviction, 18 U.S.C. § 922(g), contains multiple crimes. *See Hughes*, 602 F.3d at 676. Section 922(g) contains multiple crimes; parsing the language of the statute produces at least twenty separate offenses. *See* 18 U.S.C. § 922(g). Applying the modified categorical approach for the purpose of determining "which statutory phrase was the basis for the conviction," *Johnson*, 130 S. Ct. at 1273, I look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information," *Shepard*, 544 U.S. at 26. The language of the indictment narrows the offense to "[i]t shall be unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year  to possess a firearm in or affecting interstate and foreign commerce."

Ordinarily, this court would next turn to evaluating whether the conviction constitutes a crime of violence because it is "roughly similar" to the enumerated offenses in § 4B1.2(a). *See Begay*, 553 U.S. at 143; *United States v. Harrimon*, 568 F.3d 531, 534–35 (5th Cir. 2009). Here, however, such analysis is unnecessary in light of the specific instructions of Application Note 1 to § 4B1.2. *See Ollison*, 555 F.3d at 165 (citing *Stinson*, 508 U.S. at 38)

29

No. 09-10240

("Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of that guideline."). As noted above, Application Note 1 provides that possession of a firearm by a convicted felon is not a crime of violence unless the firearm possessed was a firearm described in § 5845(a). *See* U.S.S.G. § 4B1.2, app. n.1.

Thus, the pertinent issue becomes whether anything that the district court was allowed to consider under the categorical approach or modified categorical approach demonstrated that the firearm possessed by Lipscomb was a firearm described in § 5845(a). The Government argues that the district court could have looked to Lipscomb's admissions under oath[11] or to the indictment's allegations that the firearm was a shotgun with an overall length less than 26 inches and barrel length less than 18 inches.[12]

But in accordance with *Nijhawan* and *Johnson*, under the modified categorical approach the court's consideration of the indictment and other judicial documents must end upon ascertaining "which statutory phrase (contained within a statutory provision that covers several different generic crimes)" covered the conviction. *Nijhawan*, 129 S. Ct. at 2303. The modified approach provides no license for further consideration of the indictment or judicial documents.

---

[11] Even if the district court had considered Lipscomb's plea colloquy and factual resume, the record shows that while Lipscomb admitted that the firearm was a sawed-off shotgun, he never admitted that the barrel length of the firearm was less than 18 inches or that the overall length was less than 26 inches.

[12] The Government argues that by pleading guilty to the indictment, Lipscomb necessarily admitted all the factual allegations contained in the indictment. This court has not yet had cause to address that contentious question, nor does the court have reason to reach the issue here. *See United States v. Morales-Martinez*, 496 F.3d 356, 359 (5th Cir. 2007).

30

No. 09-10240

Consequently, the court may consider only the elements contained within the statutory definition of the crime. *James*, 550 U.S. at 201. The relevant statutory phrase of § 922(g)(1) has three elements: (1) the defendant had a prior conviction of a crime punishable by imprisonment for a term exceeding one year; (2) he knowingly possessed a firearm; (3) the firearm was in or affecting interstate commerce. 18 U.S.C.§ 922(g)(1). Nothing in the felon in possession statute mentions the characteristics of the weapon, and the language of the statute is as far as the categorical approach extends. Anything further would be a prohibited inquiry into "the specific conduct of this particular offender." *James*, 550 U.S. at 202. The Government's arguments are therefore without merit because (1) after determining the relevant statutory provision, the court may not delve further into the indictment or plea colloquy under the modified categorical approach, and (2) the type of firearm possessed is not an element of a conviction for possession of a firearm by a convicted felon under § 922(g)(1) pursuant to the categorical approach.

Although the Government argues that the type of weapon was an essential element of conviction because it would have been required to prove that Lipscomb possessed the firearm described in the indictment at trial, this court has in fact reached the contrary conclusion. *See United States v. Guidry*, 406 F.3d 314, 322 (5th Cir. 2005) (no fatal variance between the indictment and the proof offered at trial when the indictment alleged possession of a 9mm Kurz and the evidence at trial showed the defendant possessed a .380-caliber pistol because the type of weapon possessed was not an essential element of the offense); *United States v. Munoz*, 150 F.3d 401, 417 (5th Cir. 1998) (no constructive amendment where government identified the firearm as a 12-gauge shotgun and the evidence showed that it was a 20-gauge; gauge of shotgun was not an essential element of the charged offense).

31

No. 09-10240

The Government further argues that by holding that the categorical approach precludes a court from making factual findings regarding the weapon at issue in the § 922(g)(1) conviction for purposes of § 4B1.2, this court entirely undermines the § 5845(a) exception included in Application Note 1. I disagree. A felon in possession of a short-barreled shotgun (or another type of firearm specified in § 5845(a)) may qualify for career offender enhancements based on state convictions. *See, e.g.*, ALA. CODE 1975 § 13A-11-63; MO. REV. STAT. § 571.020; TENN. CODE ANN. § 39-17-1302; TEX. PEN. CODE § 46.05; *see also Serna*, 309 F.3d at 862-63. Moreover, Application Note 1 does not support an exception to the categorical approach in cases involving unlawful possession of a firearm described in 26 U.S.C. § 5845(a). Application Note 1 only states that "'crime of violence' does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a)." U.S.S.G. § 4B1.2, app. n.1. It does not address the application of the categorical approach to these offenses.

To summarize, in determining whether an offense is a crime of violence for the purposes of § 4B1.1, under the categorical and modified categorical approach, the offense of conviction should be the focus of inquiry. The indictment and other judicial documents listed in *Shepard* may be relied upon only to prove facts necessary to the conviction, *Shepard*, 544 U.S. at 20–21, or for purposes of discerning under which statutory phrase of a disjunctive statute the defendant was convicted, *Johnson*, 130 S. Ct. at 1273. Because the testimony at sentencing on which the district court relied in determining that Lipscomb's instant offense involved a firearm described in § 5845(a) was not evidence that may be considered under the categorical approach, I would hold that the district court's reliance on that testimony was erroneous. Further, the court could not have considered the allegations in the indictment or the plea colloquy for purposes of

32

No. 09-10240

establishing the characteristics of the weapon because those characteristics were not necessary to determine "which statutory phrase was the basis for conviction" under § 922(g)(1). *Id.*

### III. CONCLUSION

For the reasons discussed, the district court erred in concluding that Lipscomb's instant crime was a crime of violence and sentencing him as a career offender on that basis. I would vacate the sentence and remand to the district court for resentencing. Because the majority opinion adopts a contrary result, I respectfully dissent.