# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2010

Lyle W. Cayce
Clerk

No. 09-10078

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY EDWARD PETERSEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-337-ALL

Before JONES, Chief Judge, and HIGGINBOTHAM and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Larry Petersen was convicted of being a felon in possession of a firearm and possession with intent to distribute 50 or more grams of methamphetamine. On appeal, he raises three issues: (1) whether the district court erred in not instructing the jury that to reach a conviction it had to find Petersen knew the quantity of methamphetamine he allegedly possessed; (2) whether the district court erred in finding that Petersen's prior Texas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions for evading arrest by vehicle is a crime of violence under U.S.S.G. § 4B1.2; and (3) whether the indictment was constructively amended by the district court when it charged the jury that it could convict for possession of "a firearm" rather than the firearm specified in the indictment.  The first two issues are clearly foreclosed by circuit precedent.  The third issue is clearly resolved by the trial record and precedent.  For the reasons stated below, we affirm.

On the first issue, the Appellant relies on *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009), to argue that the district court erred in failing to instruct the jury that it had to find that Petersen knew the quantity of drugs he possessed.  *See* 21 U.S.C. § 841.  This court held otherwise in a pre-*Flores* case, *United States v. Gamez-Gonzalez*, 319 F.3d 695 (5th Cir. 2003).  We reaffirmed that holding post-*Flores* in *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009) ("A common-sense, natural reading of § 841 leads to the inevitable conclusion that Congress did not intend for the word 'knowingly' in §841(a) to modify language in § 841(b).").

The Appellant's second argument is that the district court erred in finding that his prior Texas conviction for evading arrest by vehicle is a "crime of violence" for purpose of calculating his Guidelines sentence.  However, he concedes that this argument is foreclosed by *United States v. Harrimon*, 568 F.3d 531, 534 (5th Cir. 2009).

The Appellant's third contention is that the district court constructively amended the indictment by instructing the jury that it could convict for possession of any firearm, rather than the specific firearm identified in the indictment.  Count One of the indictment alleged that Petersen possessed "a Ruger, model Security Six, .357 caliber revolver, bearing serial number 159-91743. . . ."  Petersen was arrested following a high-speed chase.  In the grass near where Petersen's truck had come to a stop, the police found a cylinder containing methamphetamine that Petersen admitted was his. Eight days later,

2

a citizen spotted a .357 caliber Ruger revolver beside the highway near where Petersen had been apprehended. The police later identified it as a stainless Ruger .357 magnum revolver with wooden grips, bearing serial number 159-91743. At trial, the government presented, in part as intent evidence under Federal Rule of Evidence 404(b), a video of Petersen's admission that he possessed several firearms, including a .38 caliber Ruger that was brushed nickle with wooden grips. Petersen claimed to have tossed the .38 caliber gun in a dumpster several days earlier. A .357 revolver appears nearly identical to a .38 revolver and the two guns use the same ammunition. The government's theory was that Petersen or his passenger tossed the gun out of the truck during the chase and shortly before he was stopped. The prosecution argued that Petersen's admission that he possessed a .38 caliber Ruger was relevant because he had likely mistaken the .357 caliber revolver for the .38 caliber model.

The district court allowed the video evidence to be introduced, but instructed the jury that it could not consider the evidence in deciding whether Petersen committed the acts charged in the indictment. However, the district court instructed that *if* the jury found Petersen committed the acts charged in the indictment, the jury could then consider the evidence for the limited purpose of determining whether Petersen had the state of mind or intent necessary to commit the crimes.

During deliberations, the jury sent a written question to the judge, asking:

> Count 1 Question
> First Element
> Is the charge related specifically to the possession of the .357 gun in evidence or to the possession of any gun?

The court responded to the question as follows:

> You are hereby instructed that the felon in possession statute requires the government to prove beyond a reasonable doubt that one, Defendant possessed a firearm on or about October 11, 2007. Two, he was a convicted felon at the time of such alleged possession.

3

And three, the firearm had traveled in or [a]ffected interstate
commerce. You are further referred to the instruction pertaining to
this count on page 11 of the Court's instructions to the jury.

In support of his constructive amendment claim, Petersen argues that the
indictment alleged that he possessed one specific firearm, a .357 caliber revolver,
but the evidence and the district court's instructions in response to the jury's
question authorized the jury to convict for possession of other firearms—firearms
that Petersen admitted to possessing. We disagree. The district court's response
to the jury's question incorporated its previous instruction on the indictment
found on page 11:

> Title 18, United States Code, Section 922(g)(1), make it a crime for
> a convicted felon to possess a firearm. For you to find Defendant
> Petersen guilty of this crime, you must be convinced that the
> government has proved each of the following beyond a reasonable
> doubt:
>> First: That Defendant knowingly possessed a firearm,
>> as charged. The term "firearm" means any weapon that
>> will or is designed to or may readily be converted to
>> expel a projectile by the action of an explosion.

In addition, the district court gave careful and repeated instructions on the
indictment and limiting the use of 404(b) evidence. The jury is presumed to
follow the district court's instructions. *See Zafiro v. United States*, 506 U.S. 534,
540 (1993). In this case, the district court's instructions were sufficient for the
jury to convict based on the allegations in Count One of the indictment.

Further, even if the jury did not follow the district court's instructions and
believed that it could have convicted for possession of either the .357 gun, as
charged, or a .38 gun, as evidence suggested Petersen possessed, this variance
does not amount to a constructive amendment. *See United States v. Guidry*,
406 F.3d 314, 322 (5th Cir. 2005). No constructive amendment arises where the
evidence proves facts different from those alleged in the indictment, but does not
modify an essential element of the charged offense. *United States v. Munoz*,

150 F.3d 401, 417 (5th Cir. 1998).  The appellant concedes that the caliber and serial number of the gun are not essential elements of the charged offense. Petersen has failed to demonstrate a material constructive amendment that would require vacating his conviction.

## Conclusion

For the reasons stated above, we affirm.

**AFFIRMED.**