# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2010

No. 09-10539
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-285-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Manuel Mendoza appeals the 120-month, within-guidelines sentence imposed after he pleaded guilty to being a felon in possession of a firearm. The presentence report (PSR) assigned Mendoza a base offense level of 20 based on U.S.S.G. § 2K2.1(a)(4)(A), which provides for that offense level if the instant offense was committed subsequent to a conviction for a "crime of violence." § 2K2.1(a)(4)(A). At sentencing, Mendoza requested that the district court vary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

downward from the guidelines based, inter alia, on the Government's refusal to move for the third point for acceptance of responsibility, pursuant to § 3E1.1(b), because Mendoza refused to waive his appellate rights.

Mendoza argues that the district court erred (1) by ruling that his prior Texas conviction for evading arrest with a vehicle was a crime of violence; (2) by concluding that it lacked the authority to vary from the Guidelines based on the Government's refusal to move for the third point for acceptance of responsibility; and (3) by running Mendoza's sentence consecutive to state sentences that were not yet imposed.

After *Booker*, this court reviews whether a sentence is reasonable under an abuse-of-discretion standard. *United States v. Herrera-Garduno*, 519 F.3d 526, 529 (5th Cir. 2008). "In performing this review, [this court] 'first ensure[s] that the district court committed no significant procedural error' and 'then consider[s] the substantive reasonableness of the sentence imposed." *Id.* (quoting *Gall*, 128 S. Ct. at 597). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.). We review the district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

With regard to Mendoza's first argument, a crime of violence is defined, inter alia, as any offense punishable by imprisonment for a term exceeding one year and that"otherwise involves conduct that presents a serious potential risk of physical injury to another," also known as "the residual clause." § 4B1.2(a)(1); § 2K2.1, comment. (n.1). Mendoza's argument that his Texas conviction for evading arrest with a vehicle is not a crime of violence under § 4B1.2 is foreclosed by *United States v. Harrimon*, 568 F.3d 531, 533-37 (5th Cir.), *cert. denied*, 130 S. Ct. 1015 (2009).

No. 09-10539

With regard to Mendoza's second argument, the district court's decision not to grant a variance does not indicate that it believed that it lacked the authority to impose a non-guidelines sentence. The totality of the circumstances reveals that the district court denied the requested variance because it believed that a within-guidelines sentence was appropriate. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). Accordingly, the district court did not err by denying the requested variance.

Finally, Mendoza concedes that his third argument is foreclosed by *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006), which held that a district court may order a term of imprisonment to run consecutively with an unimposed state sentence.

AFFIRMED.