# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2011

No. 09-50918
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL DU-SHONN BANKS, also known as Michael Dushonn Banks,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-41-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael Du-Shonn Banks pleaded guilty to one count of being a felon in possession of a firearm. His resulting offense level, and 110-months sentence of imprisonment, were based, in part, on his prior Texas conviction for evading arrest with a motor vehicle, in violation of Texas Penal Code § 38.04, being classified as a "crime of violence", pursuant to Sentencing Guidelines §§ 2K2.1(a)(2), 4B1.2(a)(2). Banks claims plain error concerning that crime-of violence ruling.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50918

As Banks concedes, he did not object to the offense level in district court; therefore, this contention is reviewed only for plain error. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). For reversible plain error, Banks must show a clear or obvious error that affected his substantial rights. *See id.* If Banks makes such a showing, we have discretion to correct the error and, generally, will do so if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Banks maintains the crime does not meet the relevant definition of "crime of violence" because it could theoretically be committed without presenting "a serious potential risk of physical injury to another", as required by Guideline § 4B1.2(a)(2). This contention is foreclosed, however, by *United States v. Harrimon*, 568 F.3d 531, 536-37 (5th Cir.), *cert. denied*, 130 S. Ct. 1015 (2009), which held the same Texas offense (evading arrest with a motor vehicle) was a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). The residual clauses ("a serious potential risk of physical injury to another") in the definitions of "violent felony", under the ACCA, and "crime of violence", under Guideline § 4B1.2(a)(2), are identical. *United States v. Mohr*, 554 F.3d 604, 609 (5th Cir.), *cert. denied*, 130 S. Ct. 56 (2009). *Harrimon* held evading arrest with a motor vehicle is "purposeful, violent, and aggressive" and "involves a serious potential risk of physical injury to others". 568 F.3d at 534, 537. Accordingly, the district court did not err by treating Banks' prior conviction as a "crime of violence" under Guideline § 4B1.2(a)(2). *See United States v. Mendoza*, No. 09-10539, 2010 WL 4116881, *1 (5th Cir. 19 Oct. 2010) (holding contention, that Texas conviction for evading arrest with a motor vehicle is not a "crime of violence" under Guideline § 4B1.2, is foreclosed by *Harrimon*); *United States v. Petersen*, 383 F. App'x 458, 459 (5th Cir. 2010), *petition for cert. filed*, (21 Sep. 2010) (No. 10-6667) (also holding, as defendant there conceded, such contention is foreclosed by *Harrimon*).

AFFIRMED.